UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE, et al.,<br><br>        Defendants. | No. 2:15-cv-2448 GEB GGH PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

By order of February 1, 2016, plaintiff was informed of the deficiencies in his complaint and directed to file an amended complaint. The amended complaint, filed April 1, 2016, is now before the court. Because plaintiff has not cured the deficiencies as set forth in great detail in the screening order, the undersigned now recommends that this action be dismissed. The facts and authority provided in the previous order will be repeated here as they pertain to the amended complaint, and any new allegations will be addressed.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

1

any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

This case arises out of plaintiff's disappointment with a decision against him in state court. Plaintiff was a real estate broker licensed in California who claims defendants conspired to

unconstitutionally revoke his license on December 16, 2010.  Plaintiff refers to two state court judgments which precipitated the events in this case.  The undersigned has reviewed the opinions from those cases which reveal the following.  Plaintiff represented a buyer in the purchase of a house which fell through.  The buyer sued plaintiff to recover $7,550 she had paid to plaintiff.  The parties disputed whether this was a refundable deposit.  Although plaintiff prevailed at trial on or around June 14, 2010, the court having found this sum to be a nonrefundable payment, the former Department of Real Estate[1] ("DRE") initiated administrative disciplinary proceedings against plaintiff on or about October 12, 2010, for his actions in disposing of the $7,550 without the buyer's knowledge or consent.  In an accusation, the DRE found that plaintiff's actions in distributing the money to himself and to the seller's attorney constituted fraud and/or negligence and recommended suspending or revoking his license.  The accusation was mailed to plaintiff and when he did not respond within the time permitted, default was entered, and then a final decision revoking his license, based on both the default and the determination that "the accusation had been proven by clear and convincing documentary evidence."  Plaintiff filed an appeal, claiming that due to a car accident resulting in physical limitations, he had been unable to pick up his mail containing the accusation and decision, but that DRE commissioner Jones had orally agreed to give notice to plaintiff's attorneys in that case.  Such notice was not given, according to plaintiff, and he received no actual notice of the default or default decision.  The trial court denied plaintiff's petition for writ of administrative mandamus as untimely.  The appellate court affirmed.  Gonzalez v. Bell, 2014 WL 787356 (Cal. Ct. App. Feb. 27, 2014) (affirmed also on the ground that the civil suit outcome did not control the administrative license process).[2]

In this case, plaintiff has sued numerous defendants.  In his amended complaint, he continues to claim that the state trial court decision vindicated him, and failed to find "fault, fraud, dishonesty or misappropriation" by him.  (ECF No. 6 at 8.)  Instead, plaintiff claims that

---

[1] This department was renamed the California Bureau of Real Estate on July 1, 2013.  Gonzalez v. Bell, 2014 WL 787356, at * 1 n. 1 (Cal. Ct. App. Feb. 27, 2014).
[2] This court takes judicial notice of the state court opinion.  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

defendants in this action were unhappy with that result and initiated administrative proceedings to revoke his realtor's license.  (Id. at 9.)  Plaintiff claims that defendants Stepanyan, Jones, Van Driel, Sughrue, Sommers, and Moran conspired with each other to "make a false memorandum and file a false accusation impeached by the Judgment as perjury." Id.

In his amended complaint, plaintiff has added allegations pertaining to a state court action he filed against defendant Stepanyan and some former defendants in state court in 2011.[3]  It appears that this state court action may be currently pending.

Plaintiff's claims complaining of the state court judgments may be jurisdictionally barred by the Rooker-Feldman doctrine.  The Rooker–Feldman doctrine occupies "narrow ground." Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289 (2011).  "'The Rooker–Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments.'" AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir.2007) (quoting Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir.2007)).  "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Henrichs, 474 F.3d at 613 (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517 (2005)); *accord* Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir.2008).

The Rooker–Feldman doctrine may also apply, however, where the parties do not directly contest the merits of a state court decision, but file an action that constitutes a "de facto" appeal from a state court judgment.  Reusser, 525 F.3d at 859.  Such a de facto appeal exists where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. (citation and quotation marks omitted).  "Once a federal plaintiff seeks to bring a forbidden defacto appeal ..., that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the

---

[3]  In his amended complaint, plaintiff has eliminated any claim for conspiracy to retaliate in regard to his short sale purchase of a home on December 15, 2008.  (ECF No. 1 at 8-10.)

state court judicial decision from which the forbidden de facto appeal is brought." Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir.2003); see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir.2003) ("The Rooker–Feldman doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles."). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir.2001). The point at which to draw the Rooker-Feldman line is not always clear, see Exxon Mobile v. Saudi Basic Industries Corp, 544 U.S. 280 (2005) (independent claim in federal court not barred although it involved aspects of state court decision), but the Ninth Circuit has fairly recently held after review of pertinent authority that so called conspiracy claims which dispute the result of a previous state court action due to alleged improper actions of parties to that previous action are barred by Rooker-Feldman. Cooper v. Ramos, 704 F.3d 772, 782-83 (9th Cir. 2012).

    Here, although plaintiff does not specifically seek to overturn the state court judgment affirming the disciplinary action against him, his claims are clearly "inextricably intertwined" with that judgment because a decision in this case favorable to plaintiff would necessarily require this court to make determinations inconsistent with the state court's judgment regarding the finding that plaintiff failed to challenge the default decision within the time period allowed, and his petition was untimely, as well as the finding by the DRE that plaintiff committed fraud and/or negligence in directing the seller's attorney to make disbursements from the payment made by the buyer. The judicially noticed facts, as set forth above, show that plaintiff's petition for writ of mandamus appealing an administrative decision revoking plaintiff's real estate license based on his default was denied by the trial court, and that decision was affirmed by the California Court of Appeals. That decision has not been disturbed.

    Because the state administrative tribunal found that plaintiff had defaulted in the administrative proceedings, and that the allegations of fraud and negligence in the accusation had

been proved by clear and convincing documentary evidence, resulting in the revocation of his real estate license, it necessarily follows that defendants here who were involved in those proceedings did not engage in a conspiracy to cause this result but acted in a legal fashion. Plaintiff's claims in this action would require this court to make findings contrary to these determinations made by the state administrative tribunal and state courts. For instance, plaintiff's claims premised on violations of the Fourth, Fifth, Ninth[4] and Fourteenth Amendments of the Constitution, the Civil Rights Act, 42 U.S.C. § 1983, and the Sherman Act, if meritorious, would all require this court to determine that defendants had no right to take disciplinary action against a licensee such as plaintiff who had previously been exonerated from wrongdoing related to licensing activities, and that defendants revoked his license without lawful cause. Accordingly, such causes of action are "inextricably intertwined" with the prior state court conviction and, therefore, are barred under the Rooker–Feldman doctrine. Doe & Associates Law Offices, 252 F.3d at 1030; Cooper, supra. .

     In the second portion of the amended complaint, plaintiff makes allegations surrounding a state court action which he claims he filed on October 11, 2011, and which appears to be currently pending. He continues to claim that defendant Stepanyan conspired with former defendant Hickman and defendant Jones to "to make the false memorandum used to falsely accuse Plaintiff Gonzalez, wrongful[ly] revoke Plaintiff Gonzalez's license, and intentionally inflict the unconstitutional harm and damages done under color of state law." ECF No. 6 at 12. In this manner, plaintiff continues to complain about actions which were already adjudicated adversely to him in the prior state court action which is now concluded. It appears that plaintiff may have filed this second state court action to complain of the outcome of the first state court action. As such, these new claims are really a repeat of plaintiff's original claims which were previously adjudicated in state court and are therefore barred by Rooker-Feldman. In fact, plaintiff expressly concedes that he filed two separate government claims against defendants in state court, on April 11, 2011 and May 4, 2014, which were both subsequently rejected. (ECF

---

[4] The Ninth Amendment does not provide for a private right of action. Nakanwagi v. Tenet Healthcare Corp., 2016 WL 2851439, *5 (D. Az. May 16, 2016). "[T]he ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law." Gibson v. Matthews, 926 F.2d 532, 537 (6th Cir. 1991).

No. 6 at 2, ¶¶ 2, 3.)

Moreover, this more recent legal action set forth by plaintiff in the second portion of his complaint and which may be still pending in state court, serves only to distract from the issues by attempting to create new claims based on a pending rather than a concluded state court action, which are in fact not at all new. Ordinarily, the Rooker-Feldman bar would not apply to pending state court actions. However, all of the enumerated claims listed in the amended complaint pertain to defendants' actions in prosecuting plaintiff and revoking his real estate license, which is the action that is concluded and barred by Rooker-Feldman. See ECF No. 6 at 18-22. Plaintiff cannot avoid the Rooker-Feldman bar by asserting claims based on yet another state court action which happens to be still pending, and then asserting the same claims based on that action which were already decided in a previously concluded state court action.

The undersigned finds that this entire action is barred by the Rooker-Feldman doctrine and should be dismissed. The undersigned has considered whether plaintiff may amend the pleading a second time to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.1988). See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the fact that plaintiff was thoroughly instructed as to all deficiencies in the original complaint but has been unable to cure these jurisdictional defects, it appears that permitting him to amend a second time would be futile.

Good cause appearing, IT IS RECOMMENDED that:

1. This action be dismissed for lack of jurisdiction; and
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
2  failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  Dated: June 13, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Gonzalez2448.fr