UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | No. 2:15-cv-2448 GEB GGH PS |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT (BUREAU) OF REAL ESTATE, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

On June 14, 2016, this court issued findings and recommendations, recommending the amended complaint dismissed as jurisdictionally barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Plaintiff has filed objections. In light of the objections, the undersigned has made a determination that the outcome of the case is better served if the named defendants make an appearance. Therefore, the findings and recommendation will be vacated. The amended complaint will be served without prejudice to a later ruling in a motion to dismiss based upon Rooker-Feldman, abstention, or other matters.

1

Accordingly, IT IS ORDERED that:

1. The findings and recommendations filed June 14, 2016 are vacated.

2. Service is appropriate for the following defendants: Department of Real Estate, Jones, Stepanyan, Sommers, Sughrue, Davi, Moran, Bell, and Van Driel.

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, without prepayment of costs.

4. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

5. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall file a statement with the court that said documents have been submitted to the United States Marshal*. The court anticipates that, to effect service, the U.S. Marshal will require at least:

   a. One completed summons for each defendant;

   b. One completed USM-285 form for each defendant;

   c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

   d. One copy of this court's status order for each defendant; and

   e. One copy of the instant order for each defendant.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an answer or a responsive motion will not relieve a defendant from the potential obligation to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

////

8. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.

9. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

Dated: July 21, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Gonzalez2448.vac

3