UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>                Plaintiff,<br><br>        v.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE, et al.,<br><br>                Defendants. | No.  2:15-cv-2448 GEB GGH PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Presently before the court are plaintiff's "ex parte application for permission to conduct limited discovery due to extraordinary circumstances," "ex parte application for a stay or temporary injunction on a pending state action," and application to file memorandum in excess of 25 page limit in support of application for preliminary injunction, all filed September 19, 2016. (ECF Nos. 15, 16, 17.)  Plaintiff has not served any defendants with these filings; however, only two defendants have been served with process as of the date of this order.

I.        Request to Conduct Early Limited Discovery

Plaintiff requests leave to conduct early discovery because a witness he seeks to depose by written questions, Robert Schaldach, has suffered a "traumatic fall" and his "condition is so

1

1  serious and fragile that if his written deposition is not taken forthwith, his testimony would not be
2  available forever while awaiting trial or normal discovery." Gonzalez Decl., ECF No. 15 at 8.
3  This witness was the seller's realtor during the transaction in which plaintiff was accused of
4  improperly disposing of a deposit paid to him by his client, the purchaser, by distributing these
5  proceeds to himself and Mr. Schaldach.  Plaintiff has proffered no evidence other than his own
6  declaration concerning Mr. Schaldach's condition and inability to wait for regular discovery to
7  commence.  Furthermore, it is unclear why, with all of the past state court and administrative
8  actions, there is no previous deposition transcript by Mr. Schaldach available to plaintiff.  In any
9  event, the court will consider plaintiff's request if plaintiff files a declaration signed by Mr.
10 Schaldach which testifies to his physical condition and limited future availability.  Plaintiff shall
11 also file his own declaration which attests to the lack of any deposition previously taken in any
12 prior action, or that such deposition is inadequate for this action, and why.  Once those
13 declarations have been submitted, the undersigned will expeditiously consider plaintiff's request
14 for early discovery.  Plaintiff shall serve every defendant who has been served with summons as
15 of the date he files the above mentioned documents.

    II.     Request for Injunctive Relief

17      Plaintiff's request for a stay of his state court action should be denied for two reasons.
18 First, plaintiff has not met the procedural requirements which require notice to the adverse party.
19      Fed.R.Civ.P. 65(a)(1) requires that a preliminary injunction may issue "only on notice to
20 the adverse party."  No notice to the adverse party is required for issuance of a temporary
21 restraining order, but only if "(A) specific facts in an affidavit or a verified complaint clearly
22 show that immediate and irreparable injury, loss, or damage will result to the movant before the
23 movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney
24 certifies in writing any efforts made to give notice and the reasons why it should not be required."
25 Id. 65(b)(1) (emphasis added).
26      There is no proof of service for the application for injunctive relief, and it does not appear
27 that it was served on any adverse party.  Nor have most of the defendants been served with
28 ////

process in this case.[1] Plaintiff has not certified in writing any efforts made to give notice to any party, or explained why such notice should not be required. Plaintiff has failed to meet the procedural requirements which would permit issuance of an injunction or temporary restraining order on plaintiff's application.

Even if plaintiff's application was not procedurally defective, it would be denied on the merits in any event. The Anti–Injunction Act, 28 U.S.C. § 2283, states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

> A federal court may intrude into a pending state proceeding "when absolutely necessary for protection of constitutional rights," but only under "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Younger* and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. *Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d 1087, 1091 (9th Cir.2008).

Phelon v. Hamman, 2010 WL 1223221, at *2 (N.D. Cal. Mar. 25, 2010).

Although plaintiff claims that Sacramento County Superior Court is blocking discovery and refusing to set a trial date, and that his state court case is therefore in danger of being dismissed under California's five year rule, these circumstances do not warrant interference by this federal court. As just set forth, the standard to obtain a stay of a state court action is not just irreparable injury as required for injunctive relief, but a showing of the existence of irremediable harm both 'great and immediate.'" Casa Marie, Inc. v. Superior Court, 988 F.2d 252, 262–63 (1st Cir.1993) (quoting Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746 (1971)). Plaintiff has failed to make such a showing. This court will not stay a state court case that plaintiff himself initiated, particularly without a proffer of evidence supporting plaintiff's claims that the court is preventing

---

[1] The docket reflects that only defendant Jones signed a waiver of service on September 29, 2016. (ECF No. 18.)

3

1   his case from proceeding to trial, especially in light of plaintiff's conceded representation that the
2   Sacramento Court Superior Court's decision was upheld on appeal by the Third District Court of
3   Appeals.  (ECF No. 16 at 3.)
4        Plaintiff cites the Mitchum standard which he claims expressly authorizes an injunction of
5   this sort.  Mitchum v. Foster found that 42 U.S.C. § 1983 "is an Act of Congress that falls within
6   the 'expressly authorized' exception of the [Anti-Injunction Act]." + 407 U.S. 225, 243, 92 S.Ct.
7   2151 (1972).  The Mitchum Court's holding was much more narrow: "[t]oday we decide only that
8   the District Court in this case was in error in holding that, because of the anti-injunction statute, it
9   was absolutely without power in this § 1983 action to enjoin a proceeding pending in a state court
10  under any circumstances whatsoever."  Id.  In fact, the Mitchum Court reiterated that it did not
11  "question or qualify in any way the principles of equity, comity, and federalism that must restrain
12  a federal court when asked to enjoin a state court proceeding."  Id.  The Supreme Court has since
13  emphasized that the court's authority to issue an injunction is a discretionary one: "[o]f course,
14  the fact that an injunction may issue under the Anti–Injunction Act does not mean that it must
15  issue."  Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 151, 108 S.Ct. 1684 (1988); see also
16  14C Charles, Arthur R. Miller, et al., Federal Practice & Procedure, Jurisdiction § 4222 (3d ed.)
17  ("[E]ven when the power exists to stay state court proceedings, the exercise of that power is
18  discretionary, allowing the federal court to weigh all of the factors for and against issuing a
19  stay.").
20       "Any doubts as to the propriety of a federal injunction against state court proceedings
21  should be resolved in favor of permitting the state courts to proceed in an orderly fashion to
22  finally determine the controversy."  Atl. Cost Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S.
23  281, 297, 90 S.Ct. 1739 (1970).  "The federal courts will not casually enjoin the conduct of
24  pending state court proceedings."  Cousins v. Wigoda, 409 U.S. 1201, 1206, 92 S.Ct. 2610
25  (1972).  Plaintiff has failed to reach the high hurdle demonstrating that the extraordinary relief he
26  requests is justified.  His application should therefore be denied.
27       As a result, plaintiff's request for leave to file his memorandum in support of request for
28  preliminary injunction in excess of the 25 page limit will be denied as unnecessary.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Within **seven** days of this order, plaintiff shall file: (1) Mr. Schaldach's declaration regarding his physical condition and why his deposition cannot wait until normal discovery is conducted; and (2) shall file his own declaration stating that there is no previously taken deposition of Mr. Schaldach that is available, or that such deposition is inadequate for this action, and why.  Once these declarations are filed, and served on all defendants served with summons, the undersigned will expeditiously consider plaintiff's request to conducted early limited discovery.

2. Plaintiff's application to file memorandum in excess of 25 page limit in support of application for preliminary injunction, filed September 19, 2016. (ECF No. 17), is denied.

Good cause appearing, IT IS RECOMMENDED that: Plaintiff's "ex parte application for a stay or temporary injunction on a pending state action," filed September 19, 2016, (ECF No. 16), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Gonzalez2448.fr-pi