UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. GONZALEZ, | No. 2:15-cv-2448 GEB GGH PS |
| Plaintiff | |
| vs | FINDINGS AND RECOMMENDATIONS |
| DEPT. OF REAL ESTATE, et al., | |
| Defendants | |

*Introduction and Summary*

Defendants in the above captioned action move to dismiss the First Amended Complaint (FAC) in two separate motions based on three grounds:

1. The *Rooker-Feldman* doctrine;
2. Younger abstention; and
3. Absolute Immunity insofar as the state defendants were involved in an administrative adjudicatory action.

In addition, the undersigned raised the issue that the California Department of Real Estate was immune from suit under the Eleventh Amendment.

One motion, raising all three numbered grounds, is made by the "state defendants" identified below, and a separate motion, raising grounds 1 and 2, is made by the one "private

1

defendant," also identified below. For the reasons set forth, the undersigned finds that the state defendant California Department of Real Estate has Eleventh Amendment immunity from suit and should be dismissed; that grounds 1 and 2 are not sufficient to warrant dismissal of the FAC, and that insufficient facts exist for an adjudication of ground 3 vis-à-vis the state defendants. Accordingly, the undersigned recommends that the motions to dismiss by all individual defendants be denied, but that the California Department of Real Estate be dismissed.[1][2]

The undersigned also, as requested by defendant Stepanyan, makes it clear that during the course of this federal action, this court has in no way attempted to stay the related state action, SC No 34-2011-112097.

*The Parties*

Plaintiff Gonzalez is an erstwhile real estate agent/broker in the state of California. Defendants are as follows:

1. California—named in body but not in caption (conceded by plaintiff to have been erroneously sued);

2. California Highway Patrol named in body, but not in caption (conceded by plaintiff to have been erroneously sued);

3. Cal. Dept. of Real Estate ["DRE"];

4. Kyle Thomas Jones, DRE investigator;

5. Tricia Sommers, DRE investigator;

6. William Moran, DRE Dir/Enforcement;

7. John Van Driel, DRE Ass't. Chief Counsel;

8. Wayne B.DRE Chief Counsel;

9. Jeff Davi—DRE Commissioner;

10. Narine private citizen (Stepanyan) with whom plaintiff had a dispute. She was a

---

[1] The parties have conceded that the State of California and the California Highway Patrol were erroneously listed as defendants. These defendants will be dismissed.

[2] The FAC does not purport to sue the state defendants in their official capacity. Of course, to the extent that they were, Eleventh Amendment immunity would apply to those defendants in their official capacity as no injunctive relief is sought in this case, only damages.

purchaser of real estate at auction; Gonzalez was the agent for seller of that property.

*FAC Allegations*

Because the grounds proffered for dismissal are general grounds which do not depend upon the intricacies of all facts, the undersigned recounts only a generalized version of those facts, and only those specific facts necessary for the motions' resolution. Of course, on a motion to dismiss the court is not finding facts, but merely characterizing the facts as alleged in the FAC.

Plaintiff engaged in a real estate action with defendant Stepanyan. A dispute arose concerning the payment of a 10% auction fee, "over and above" the sales price of the property with Stepanyan accusing plaintiff of fraud and breach of fiduciary duties insofar as she alleged a wrongful taking/appropriation of the deposited escrow fee.

Several actions were filed in state court regarding this dispute. Plaintiff prevailed in a small claims action in which the judge found that Stepanyan had wrongfully backed out of the deal, and that plaintiff had not engaged in wrongdoing. A later small claims action filed by Stepanyan was adjudicated in plaintiff's favor due to the judgment in the earlier small claims action.

Of more importance here, the DRE instituted license revocation proceedings against plaintiff Gonzalez at the behest of Stepanyan. In an accusation, the DRE found that plaintiff's actions in distributing the money to himself and/or to the seller's attorney constituted fraud and/or negligence and recommended suspending or revoking his license. The accusation was mailed to plaintiff and when he did not respond within the time permitted, default was entered. A final decision revoking his license resulted, based on both the default and the determination that "the accusation had been proven by clear and convincing documentary evidence." Plaintiff filed an appeal (administrative mandamus) in the Superior Court, claiming that due to a car accident resulting in physical limitations, he had been unable to pick up his mail containing the accusation and decision, but that DRE investigator Jones had orally agreed to give notice to plaintiff's attorneys in that case. Such notice was not given, according to plaintiff, and he received no actual notice of the default or default decision. The trial court denied plaintiff's petition for writ of administrative mandamus as untimely. The appellate court affirmed. Gonzalez v. Bell, 2014 WL

787356 (Cal. Ct. App. Feb. 27, 2014) (affirmed also on the ground that the civil suit outcome did not control the administrative license revocation process).[3]

Plaintiff has also filed a state court civil action against Stepanyan, her lawyers Hickman, Wyatt, HSBC Financial and investigator Jones in which he asserted claims similar to, but not identical with, the claims in this federal lawsuit.  The Superior Court action is denoted SC No. 34-2011-112097, and the amended complaint on file in that action appears as attachment 1 to ECF No. 31 in this action.  At hearing it was revealed that Stepanyan was the only defendant remaining in that state litigation but the parties were unclear as to whether the action had been stayed, or trial had just been continued.

Plaintiff also has another pending federal civil action, Gonzalez v. Department of Veterans Affairs, CIV-15-1997 MCE DB, but this action concerning his disability is not relevant herein.

*Procedural History of this Action*

Plaintiff filed an initial complaint, but then filed an amended complaint—the operative complaint herein (FAC).  He essentially accuses Stepanyan and the state defendants of conspiring to fabricate false evidence to be used in the license revocation procedure, and asserts that one state defendants failed to forward the favorable small claims resolution to the adjudicators.  Prior to service of the defendants herein, the undersigned initially filed Findings and Recommendations recommending dismissal of the case on *Rooker-Feldman* grounds.  However, after plaintiff filed objections, and upon reconsideration, the undersigned vacated the Findings and Recommendations pending a motion from the defendants who were yet to be served.  Those motions were forthcoming as set forth above.

*Discussion*

A.  Eleventh Amendment Immunity

On its own motion the court pointed out that the Eleventh Amendment to the federal

---

[3] This court takes judicial notice of the state court opinion.  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986.

1   Constitution prohibits federal courts from hearing suits brought against an unconsenting state.
2   Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); see also
3   Seminole Tribe of Fla v. Florida, 517 U.S. 44, 68 (1996).  That immunity extends to suits against
4   state agencies as well as those where the state itself is named as a defendant.  See Natural
5   Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996).
6   There is no dispute among the parties that the DRE is an agency of the State and thus would be
7   accorded the protection of Eleventh Amendment immunity absent some overriding provision of
8   statutory law.
9          Plaintiff asserted that his claim under the Sherman Antitrust Act provided an overriding
10  authority that abrogated the Department's Eleventh Amendment Immunity.  The court has
11  reviewed the provisions of the Act, found at 15 U.S.C. §§ 1-38, and has found no statement of
12  intent to suspend or to make an exception to the principle of sovereign immunity to permit the
13  bringing of an action under this Act against the State or any of its agencies.  Sanders v. Brown,
14  504 F.3d 903 (9th Cir. 2007); Charley's Taxi Radio Dispatch Corp. v. Sida, 810 F.2d 869 (9th
15  Cir. 1987).  The court will, therefore, recommend dismissal of this action against the
16  Department.[4]
17         B. Rooker-Feldman
18         Plaintiff's claims, insofar as they complain of the state court judgments, potentially can be
19  jurisdictionally barred  by the *Rooker-Feldman* doctrine.  The *Rooker–Feldman* doctrine occupies
20  "narrow ground."  Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289 (2011).  "'The *Rooker–*
21  *Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate
22  review over final state court judgments.'"  AmerisourceBergen Corp. v. Roden, 495 F.3d 1143,
23  1153 (9th Cir.2007) (quoting Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir.2007)).
24  "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court
25  judgments rendered before the district court proceedings commenced' from asking district courts
26  to review and reject those judgments."  Henrichs, 474 F.3d at 613, *quoting* Exxon Mobile Corp.

---

[4] Whether state officials in their official capacity could be liable under the Sherman Act for injunctive relief is not before the court as plaintiff does not seek this injunctive relief.

1 v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); *accord* Reusser v. Wachovia Bank, N.A.,
2 525 F.3d 855, 859 (9th Cir.2008).

3 The *Rooker–Feldman* doctrine may also apply, however, where the parties do not directly
4 contest the merits of a state court decision, but file an action that constitutes a "de facto" appeal
5 from a state court judgment. Reusser, 525 F.3d at 859. Such a de facto appeal exists where
6 "claims raised in the federal court action are 'inextricably intertwined' with the state court's
7 decision such that the adjudication of the federal claims would undercut the state ruling or require
8 the district court to interpret the application of state laws or procedural rules." Id. (citation and
9 quotation marks omitted). "Once a federal plaintiff seeks to bring a forbidden de facto appeal,
10 that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the
11 state court judicial decision from which the forbidden de facto appeal is brought." Noel v. Hall,
12 341 F.3d 1148, 1158 (9th Cir.2003); see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th
13 Cir.2003) ("The *Rooker–Feldman* doctrine prevents lower federal courts from exercising
14 jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court,
15 even where the party does not directly challenge the merits of the state court's decision but rather
16 brings an indirect challenge based on constitutional principles."). "Where the district court must
17 hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to
18 both courts are inextricably intertwined." Doe & Associates Law Offices v. Napolitano, 252 F.3d
19 1026, 1030 (9th Cir.2001). The point at which to draw the *Rooker-Feldman* line is not always
20 clear, see Exxon Mobile v. Saudi Basic Industries Corp, 544 U.S. 280 (2005) (independent claim
21 in federal court not barred although it involved aspects of state court decision), but the Ninth
22 Circuit has fairly recently held after review of pertinent authority that so called conspiracy claims
23 which dispute the result of a previous state court action due to alleged improper actions of parties
24 to that previous action are barred by *Rooker-Feldman*. Cooper v. Ramos, 704 F.3d 772, 782-83
25 (9th Cir. 2012).

26 *Rooker-Feldman* does not, however, apply to federal court review of administrative
27 agency decisions *per se*. Noel v. Hall, 341 F.3d at 1159.
28 ////

6

Defendants herein assert that plaintiff is somehow attacking the termination of his license action, including the decision of the California Court of Appeal. Not so. The FAC contains no prayer whatsoever asking this court to overturn that decision. Moreover, the basis of the decision there, untimeliness in seeking review of the Department of Real Estate Administrative action, has nothing to do with the merits of this federal litigation. Rather, plaintiff asserts damages claims for alleged violations of Constitutional rights, federal statutory rights, including antitrust violations, and supplemental state law. The actions cannot be dismissed on *Rooker-Feldman* grounds.

C. Younger Abstention

This doctrine, born of the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971), "espouses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

> As a threshold matter, for *Younger* abstention to apply, the federal relief sought must interfere in some manner with the state litigation. *Id*. at 1094. Next, in determining whether abstention is proper, the court must examine:
> (1) The nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in state proceedings. *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir.1992) (internal quotation marks omitted). Finally, an exception to abstention applies if the state proceedings demonstrate "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate." Id. at 332 (internal quotation marks omitted).

Baffert v. California Horse Racing Brd., 332 F.3d 613, 617 (9th Cir. 2003)

Defendants herein do not even demonstrate the "threshold" requirement--that the instant federal litigation would interfere with the pending state court action. As set forth above, the state action that is claimed to conflict with this federal actions is nearly moribund—a stayed or continued damages action involving only one, remaining private defendant, the same defendant

plaintiff has sued here, i.e., Stepanyan. Whether defendant Stepanyan faces this federal damages lawsuit first, or goes to trial in the state action has no implications of federal court –state court conflict. Either one may well be *res judicata* for the other, and no court system would be offended by this outcome.[5]

Moreover, there are no state policies or adjudications at issue (anymore) in the state action. Any state defendant therein has been dismissed. The state action involves one private plaintiff versus a private defendant. That the allegations therein allege an unlawful conspiracy of sorts between this remaining defendant and non-defendant state actors do not involve important state interests.[6]

Finally, plaintiff cannot litigate his federal claim assertions against the state defendants sued in this case in the state court litigation. For the most part, these state defendants were not defendants in the state court action, and indeed, no state defendant remains as a viable defendant there.

Younger abstention is inappropriate here.

D. Judicial or Quasi-Judicial or Prosecutorial Immunity

The state defendants (but not Stepanyan) move for their dismissal because they assert judicial, quasi-judicial, or prosecutorial immunity protects their actions from lawsuits occasioned by their administrative adjudicatory actions. Romano v. Bible, 169 F.3d 1182 (9th Cir. 1999), is cited as authority for this immunity.

The FAC identifies the job positions of the state defendants, but does little more in specifying whether any, all, or each of them took any action, much less prosecutorial or adjudicative action, in terminating plaintiff's real estate license. The state defendants are generally alleged to have unlawfully conspired with the private defendant to have plaintiff's real

---

[5] This is not to say that plaintiff could not be criticized for suing the same defendant in two different forums. The decent thing to do would be to seek a stipulation from Stepanyan that the suit against her in state court be dismissed without prejudice to its continuation in this federal court action.

[6] Of course, if plaintiff were trying to overturn the state administrative/court adjudication regarding his license termination in state court, in what remains of the state litigation, the outcome of the application of Younger issue might well be different.

estate license terminated by fabricating false evidence, or acquiescing in same, in order to find that plaintiff should no longer be permitted to be a real estate broker in the State of California. Plaintiff is especially insistent that defendant Jones refused to forward exculpatory evidence, i.e., the small claims court judgments in plaintiff's favor, to the adjudicatory authorities.

Absent attempting to present evidence outside the record on this motion to dismiss, defendants must rely on the allegations of the FAC to make their immunity arguments. However, plaintiff is under no obligations to ensure that the FAC contains sufficient, specific averments such that defendants can have a potential defense totally adjudicated on a motion to dismiss. The undersigned is left in the position of not knowing which defendant, or any of them, actually participated in initiating administrative charges, prosecuting those charges, or actually adjudicating those charges. Investigating a matter--gathering evidence-- such that charges may be initiated, is not an action which in itself permits the application of judicial or prosecutorial immunity. Van de Kamp v. Goldstein, 555 U.S. 335, 242 (2009).

While many, if not all, of the state defendants may ultimately qualify for prosecutorial or judicial immunity, that determination must await a further presentation of the facts.

*Conclusion*

Defendants' motions to dismiss should be denied with one exception. The California Department of Real Estate should be dismissed based on Eleventh Amendment immunity.

This resolution adjudicates ECF Nos. 30, 32, 35.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

////

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE