UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE., et al,<br><br>          Defendants. | No. 2:15-cv-02448 GEB GGH PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

*PROCEDURAL BACKGROUND*

This matter, originally filed on November 24, 2015, has a long and complicated procedural history. Plaintiff's initial complaint named seventeen defendants including the Department of Real Estate ["DRE"], an agency of the State, seven (7) employees of the DRE in both their personal and professional capacities, four (4) financial entities engaged in mortgage services, and two (2) law firms. The claims included the Sherman Act, the Americans with Disabilities Act ["ADA"], civil rights violations, and negligent and intentional infliction of emotional distress, all arising out of action taken to revoke plaintiff's professional license on December 16, 2010, for which he sought declaratory and injunctive relief as well as damages. ECF No. 1.

On February 1, 2016, the court granted plaintiff's motion to proceed in forma pauperis, but dismissed his initial complaint without prejudice for, inter alia, failure to contain factual

1

allegations sufficient to raise a right to relief above the speculative level citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), ECF No. 3 at 2 and expressing concern that the action could be barred pursuant to the Rooker-Feldman doctrine which prohibits lower federal courts from exercising jurisdiction where any such action could interfere with a state court decision, id. at 5 as well as other bars to elements of the litigation such exercise. Id. at 7.

On April 1, 2016 plaintiff filed his First Amended Complaint against a reduced number of defendants, dropping all of the mortgage investment companies and many of the individual defendants alleging only civil rights violations, falsification of records and perjury, anti-trust violations, and a new claim for violations of California's Bane Act. ECF No. 6.

On June 14, 2016, again acting on its own, the court recommended dismissal of the First Amended Complaint for failure to cure the deficiencies identified in its original Order, but after reviewing objections filed by the plaintiff, vacated the findings and recommendations to allow the defendants to make an appearance and directed that the defendants be served. ECF No. 11.

On October 12, 2016 the court issued an Order and Findings and Recommendations responding to plaintiff's ex parte application for permission to conduct limited discovery, for a stay or temporary injunction on a pending state action, and for extended pages for a memorandum in support of a preliminary injunction motion. The court noted that only two defendants have been served with process. In its ruling the court required additional information regarding the need for limited early discovery based upon the health of a potential witness, denied the injunction request for lack of notice and failure to provide other support required, and indicated plaintiff's unlikelihood of success on this issue given the Anti-Injunction Act, 28 U.S.C. section 2283, and denied the request for extended page limits. ECF No. 22.

On October 27, 2016 the court ordered that plaintiff to serve declarations regarding the need for early discovery on the previously served defendants. ECF No. 24.

On November 15, 2016 the court issued an order granting early discovery on the basis of written questions to be posed to witness Robert Schaldach. ECF No. 28.[1]

---

[1] There is nothing in the record regarding whether Mr. Schaldach has or has not been provided with or responded to any written questions.

| | |
|---|---|
| 1 | On November 22, 2016 defendant employees of the DRE moved to dismiss the action, |
| 2 | ECF No. 30, and on November 29, 2016 defendant Narine Stepanyan also filed such a motion. |
| 3 | ECF No. 33.  On January 17, 2017 the court issued a minute order rescheduling the hearing on |
| 4 | these motions from January 19, 2017 to February 2, 2017.  ECF No. 36.  That hearing was held, |
| 5 | the parties discussed the pending motions with the court, and the matters were submitted.  ECF |
| 6 | No. 42.[2] |
| 7 | On February 6, 2017, the court issued Findings and Recommendations that the motions to |
| 8 | dismiss should be denied except that the DRE should be dismissed on Eleventh Amendment |
| 9 | immunity grounds.  ECF No. 43.  The District Court adopted the Recommendations on March 8, |
| 10 | 2017.  ECF No. 46. |
| 11 | The DRE employee defendants answered the Complaint on March 9, 2017.  ECF No. 47. |
| 12 | On March 22, 2017 private defendant Narine Stepanyan filed a new motion to dismiss |
| 13 | which was set for hearing on May 4, 2016.  ECF No. 49.  Plaintiff followed with a Motion to |
| 14 | Strike defenses submitted by the DRE defendants to be heard on the same date as his earlier |
| 15 | motion.  ECF No. 50. |
| 16 | On April 3, 2017 plaintiff filed a Motion to Strike DRE's defenses to be heard together |
| 17 | with the earlier pending motions.  ECF No. 51. |
| 18 | On April 6, 2017 plaintiff filed a motion for extended time to answer interrogatories |
| 19 | propounded by the DRE defendants, ECF No. 53, to which the state defendants filed a Statement |
| 20 | of Non-Opposition on April 19, 2017 thereby granting plaintiff an additional 28 days to respond |
| 21 | to this discovery.  ECF No. 58. |
| 22 | On April 12, 2017 plaintiff filed a Motion for Leave to File an Amended Complaint |
| 23 | noticed for hearing on May 19, 2017.  ECF No. 56. |
| 24 | The two Motions to Dismiss, plaintiff's Motions to Strike the DRE defendants' Answer |
| 25 | and its Affirmative Defenses, and plaintiff's Motion to file another Amended Complaint, all of |

---

[2] During this hearing the court orally expressed the opinion that the only way the DRE could be reinserted not the litigation was by virtue of the abandoned ADA claim.

which were vacated from the court's calendar and taken under submission. These are the subjects of this Order.

*FACTUAL BACKGROUND[3]*

Plaintiff engaged in a real estate action with defendant Stepanyan. ECF No. 6 at ¶ 18. A dispute arose between them concerning payment of a 10% auction fee from funds deposited by Stepanyan, "over and above" the sales price of the property in which Stepanyan accused plaintiff of fraud and breach of fiduciary duties insofar as she alleged a wrongful taking/appropriation of the deposited escrow fee. Id. at ¶ 30.

Several actions were filed in Sacramento Superior Court regarding this dispute. Plaintiff prevailed in a small claims action in which the presiding judge found that Stepanyan had wrongfully backed out of the real estate deal at issue, and that plaintiff had not engaged in wrongdoing. Id. at ¶¶ 39, 40. A later small claims action filed by Stepanyan was adjudicated in plaintiff's favor due to the judgment in the earlier small claims action. Id. at 64.

Of more importance here, the DRE instituted license revocation proceedings against plaintiff Gonzalez and "coerced" Stepanyan into providing a false recorded statement in support. Id. at ¶ 43. The Complaint seems to allege, *sub silentio*, that the claims resemble, or perhaps are identical to, the ones filed in small claims court by Stepanyan, and apparently recommended suspending or revoking plaintiff's license. The accusation was mailed to plaintiff, but having suffered an injury that left him disabled, he had closed his office and did not receive the document. Id. at ¶¶ 47, 48, 51, and when he did not respond within the time permitted, default was entered against him on December 16, 2010. Id. at ¶ 52. A final decision revoking his license resulted, based on accusations of fraud, misrepresentation, dishonesty and "other disparagements" Id. at ¶ 58. Plaintiff filed an appeal (administrative mandamus) in the Superior Court, on February 22, 2011. Id. at ¶ 57. The Superior Court denied plaintiff's petition on the basis of untimeliness, Id. at ¶ 67 and plaintiff appealed to the Third District Court of Appel, which affirmed the Superior Court on February 27, 2014 in Gonzalez v. Bell, 2014 WL 787356 (Cal. Ct.

---

[3] These facts are taken from plaintiff's First Amended Complaint which was served on and Answered by the DRE defendants. They are exemplary, not exhaustive.

4

App. Feb. 27, 2014), and added that the outcome of the civil suits did not control the administrative license revocation process. Id. at ¶ 72.

Plaintiff also filed a civil claim under the State Tort Claims Act against the DRE on April 11, 2011. Id. at ¶ 61, and a law suit against Stepanyan, her attorneys Hickman Wyatt, HSBC Financial and investigator Jones in which he asserted claims similar to, but not identical with, the claims in this federal lawsuit. Id. at ¶ 68. That Superior Court action is denoted SC No. 34-2011-112097, and the amended complaint on file in that action appears as attachment 1 to ECF No. 31 in this action.

At the hearing before this court it was revealed that Stepanyan was the only defendant remaining in that state litigation but the parties were unclear as to whether the action had been stayed, or trial had just been continued.

*PENDING MOTIONS*

A.  DEFENDANT STEPANYAN'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

In his original Complaint, filed on November 24, 2015, ECF No. 1, plaintiff essentially iterated his complaint filed in the Sacramento Superior Court on April 30, 2012. His claims raised the Sherman Act, the Americans with Disabilities Act ["ADA"], 42 U.S.C. section 1983, intentional and negligent infliction of emotional distress and sought declaratory, injunctive relief and damages. His First Amended added a Bane Act claim which relates to the liability of government employees to those have injured by actions taken in the malperformance of their duties. The plaintiff did not, however, attempt to plead pursuant to the ADA which the court had suggested was a jurisdictionally sufficient cause to raise against the DRE in its earlier order. ECF No. 3 at 8:3-9:2. Although the court continued to express doubts regarding the jurisdictional viability of plaintiff's non-ADA claims, it ultimately allowed the First Amended Complaint to be served to engage the defendants in addressing plaintiff's claims.

////
////
////

His claims include:

(1) *First Claim* - False Accusation/Lack of Probable Cause, 42 U.S.C. 1983;

(2) *Second Claim* - Unlawful Taking, 42 U.S.C. 1983;

(3) *Third Claim* – Failure to Intervene, Failure to Supervise, 42 U.S.C. 1983;

(4) *Fourth Claim* – Falsifying Record/Perjury, Cal. Gov't Code 820.21;

(5) *Fifth Claim* – Anti-Trust/Anti-Competitive Activity, Sherman Act, Section 1;

(6) *Sixth Claim* – Baine Act, Cal.Civ.Code 52.1; Cal. Gov't Code 815.2(a), 820(a).

The State defendants answered this complaint on March 9, 2017, ECF No. 47, but defendant Stepanyan has moved to dismiss it on subject matter jurisdiction grounds. ECF No. 48.

All claims are stated to be against all defendants even though it is clear, as stated above, that Stepanyan could not bear any liability under the Third Claim, since she was not a government employee with capacity to intervene or supervise government employees, or the Sixth Claim insofar as it regulates only State employees. The Fourth Claim, although brought against all defendants, makes charging allegations against only the state defendants. Para. 133. The Fifth Claim is also inapplicable to Stepanyan who was not a competitor seeking a personal advantage to gain a competitive edge over plaintiff. Thus these claims cannot be sustained against Stepanyan and will be dismissed. The only theoretically possible claims against Stepanyan are the First and Second Claim, and these depend on characterization of Stepanyan as a state actor.

Ms. Stepanyan, however, is a private individual, and cannot be held directly for claims that are designed to fetter the improper use of state powers against individuals such as plaintiff. Thus the claims found in Claims One and Two, which are all aimed at the actions of state actors, cannot be brought against this defendant as a state unless under the theory that this private party can be held for civil rights violations based upon a conspiracy theory. This plaintiff has not done. Nor can plaintiff do so, for as discussed below, plaintiff's allegation that Stepanyan was coerced by state defendants into performing the charged acts precludes her liability. As a consequence the Amended Complaint must be dismissed as to Stepanyan.

Plaintiff has framed his claim against Stepanyan under 42 U.S.C. section 1983. A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor.

Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 783 (9th Cir.), *cert. denied*, 534 U.S. 1020 (2001). To hold her liable plaintiff must plead, and later prove, a conspiracy between Stepanyan and the DRE actors, i.e., "he must show 'an agreement or 'meeting of the minds' to violate plaintiff's constitutional rights. Franklin v. Fox, 312 F.3d 423 (9th Cir. 2002) *quoting* United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-1541 (9th Cir. 1989). Under this theory, "each participant in the alleged conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." United Steelworkers at 1541. As a threshold matter, then, the plaintiff must plead and ultimately prove that the private party was a *voluntary and willful* participant in joint action with the State or its agents, both parties to the conspiracy must be shown to share a common objective and, although they need not both know the exact details of the underlying plan, they must share the common objective of the alleged conspiracy. Franklin at 445.[4] The United States Supreme Court has identified tests to be applied not determine whether a private individual's actions amount to state action – the public function, joint action, state compulsion, and governmental nexus tests. Id. at 445.

The public function test applies when the charged state actor is "endowed by the State with powers or functions governmental in nature," thus rendering herself an agent or instrumentality of the State. Lee v. Katz, 276 F.2d 550, 554-555 (9th Cir. 2002). Clearly the DRE would be such a state actor. That does not, however, work to implicate Stepanyan and a co-conspirator standing alone.

Under the nexus test the courts consider whether there is a relationship between a private, entity regulated by the state, and the state to allow the private entity's actions to be "fairly treated as actions of the State itself." Johnson v. Knowles, 113 F.3d 1114, 1120 (9th Cir. 1997). Clearly this is not the case here. This, the most vague of the tests, requires facts that show such a close nexus between the State and the challenged action that the seemingly private behavior of a non-

---

[4] Plaintiff has alleged that plaintiff was coerced, which suggests the action she took was against her will, to participate in the DRE's plan to unconstitutionally strip him of his license. ECF 6 at ¶ 43. This allegation obviously negatively impacts his conspiracy theory.

governmental actor may be fairly be treated as that of the state itself. By plaintiff's allegations it is clear that Stepanyan's acts were the product of coercion by the State actors, and not based on any regulatory connection between the two purported conspirators.[5]

The state compulsion test "considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003), *citing* Bentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001). This test might, with proper allegations of fact, fit with the allegations against Stepanyan if the coercion was such that it worked to her advantage to take the action she took. There is no allegation to this effect.

Finally, the joint action test relates to a situation in which the state insinuated itself into a position of interdependence with the private party thus requiring that the State be recognized as a joint participant in the challenged activity. Franklin, 312 F.3d at 445. The claim of joint action may be predicated upon proving either a conspiracy or that the private party was a willful participant in the joint action taken with the State. Id. In other words, there is an element of intent that must be included in allegations against a private party implicated in a civil rights action. Plaintiff's complaint is somewhat inconsistent in this regard, alleging coercion led to Stepanyan's actions on the one hand and then alleging that she was being vindictive on the other. Clarity is missing and the court cannot find that actionable intent is clearly alleged here. The only test that can even be considered applicable in this case is the joint action test and plaintiff has not pleaded facts to support either a viable conspiracy case or to support the application of this test to this case.

The court earlier dismissed plaintiff's antitrust claims and, although plaintiff attempts to revive them, nothing in the FAC overcomes the basis for that dismissal. In fact, plaintiff does not even attempt to remediate the deficiencies identified in the early dismissal Order. For this reason the Antitrust Claim will be stricken from the First Amended Complaint including its assertion against the State defendants.

---

[5] Again in this Amended Complaint plaintiff states as fact that Stepanyan was *coerced* into participating in the action with the State which is fatal to a conspiracy theory. ECF No. 6 at ¶102.

Finally, the Bane Act cannot be applied to Stepanyan who has correctly pointed out that this law deals with wholly unique circumstances not applicable here. Section 52.1 of the act prohibits interference with a person's constitutional rights through threat, intimidation or coercion. Plaintiff was the subject of a threat, intimidation of coercion to force him to sacrifice his rights. Certainly, even if there were, there are no allegations that suggest Stepanyan engaged in, or even had to power to undertake, any of these actions. Rather it is alleged that she was herself coerced into taking the actions complained of.[6] Sections 815.2 and 820.2 apply only to the acts or omission of public entity employees which Stepanyan is not.

Finally, the Ninth Circuit has held that "only the state actor, and not the private party, should be held liable for the constitutional violation that resulted from the state's compulsion." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 837 (9th Cir. 1999) *citing* Peterson v. City of Greenville, 373 U.S. 244, 245-246 (1963)(held that only the City could be held liable for racial discrimination when it had compelled a restaurant owner to exclude minority customers). The Circuit court concluded by stated that "[w]hen the state compels a private party to discriminate . . . it is the state action, not the private conduct, which is unconstitutional." Id.

In light of the foregoing the court should grant Stepanyan's Motion to Dismiss the complaint against her without leave to amend. Plaintiff has had sufficient time to plead a cognizable claim against this defendant. Due to the "coercion" factual allegation, it is not possible to see how plaintiff could ever plead a viable claim. Moreover, the pleading stage in this case cannot go on forever. Finally, it is likely that if Stepanyan were ever compelled to answer any claims that plaintiff could possibly raise against her, such claims would be barred by the doctrine of *res judicata*, i.e., plaintiff had his chance to raise all claims against Stepanyan in the state actions.

B.    *PLAINTIFF'S MOTION TO STRIKE THE STATE DEFENDANTS' ANSWER*

There are two aspects to this Motion. The first is that defendants have not properly pleaded their affirmative defenses and that those defenses should, therefore be stricken, and the

---

[6] See Motion to File Amended Complaint, ECF No. 55 at 6:16-18; 12:15-20.

second is that defendants have "generally denied" the plaintiffs allegations impermissibly and thus their answer must be stricken in its entirety. The court will address these two aspects separately.

1. *General Denials*

Plaintiff challenges defendants' use of what he perceives to be impermissible "general denials" in responding to the FAC. As the Northern District has noted, "[g]eneral denials are rarely proper because there is almost always something in the complaint that, in good faith, should be admitted," but they are nonetheless technically permissible in federal actions under the proper factual circumstances. J & J Sports Productions, Inc. v. Vizcarra, 2012 WL 70350 *1 (N.D.Cal. 2012). Here, the State defendants' have, in fact, admitted many of the allegations of the Complaint. See, *e.g.*, Answers to paragraphs 7,8, 9, 11, 17 and 20. In several instances they admit elements of the allegation and deny others. See, *e.g.,* Answers to paragraph 1. 4, 6. Finally, in the remainder of their Answer defendants in whole or in part claim to be without sufficient information to either admit or deny.

Plaintiff rests his argument on Federal Rule of Civil Procedure 8(b)(1) which states that,. *"In general* [i]n responding to a pleading a party must . . . (B) admit or deny the allegations asserted against it by an opposing party." He ignores, however, that even a general denial of all allegations is permissible pursuant to 8(b)(3), and the Rule also permits a defendant deny part of an allegation while admitting the part that is true pursuant to 8(b)(4), and permits a claim of a "lack of knowledge or information sufficient to form a belief about the truth of an allegation" which effective as a denial. 8(b)(5). This is precisely what the State defendants have done in their Answer. More precision must await discovery in this case.

Finally, plaintiff misapprehends the duty of defendants to plead sufficient denials. At pages 3 and 4 of his Memorandum in support of his motion, ECF No. 50, he cites to his pleaded evidentiary facts and questions how the defendants can possible deny allegations of fact in his First Amended Complaint that are supported by his evidence which, of course, still requires weighing by a finder of fact. Certainly denials cannot be precluded because plaintiff believes he can disprove them through evidence. That is what a trial is for. If these denials are inherently

unbelievable, a jury will so find.

As a result of this analysis the plaintiff's Motion to Strike defendants' Answer in its entirety will be denied.

2.  *Failure to Plead Defenses Sufficiently*

Plaintiff objects that State defendants have merely stated a "ground" for a defense without stating specifically facts that support the defense. Plaintiff relies on Federal Rule of Civil Procedure 12(f) in support of his Motion to Strike. That section states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court has determined that there is nothing redundant, immaterial, impertinent, or scandalous to be found in the affirmative defense asserted in the Answer at issue. The question then turns on the sufficiency of the defenses only.

Again, plaintiff relies on Rule 8(b)(2)'s statement that in responding to a pleading a defendant shall provide "in short and plain terms each defenses to each claim asserted against it." In so doing he cites to several court decisions which read the rule to require them to apply the pleading standards identified in the United States Supreme Court's decisions in Bell Atlanatic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Igbal, 558 U.S. 662 (2009), both of which require that the plaintiff must state sufficient factual matter to state a claim for relief that is plausible on its face. Twombly at 555, Iqbal at 677-678. See Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D.Cal. 2012) which, citing to Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979)[7] which held that "[t]he key to determining the sufficiency of pleading an affirmative defense gives the plaintiff fair notice of the defense."

In Kohler the Southern District of California held that the "fair notice" language of Wyshak "generally requires that the defendant state the nature and grounds for the affirmative defense" while at the same time holding it does not "require a detailed statement of facts," and is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." Kohler at 564. The Northern District of California adopted the same position, again

---

[7] It is important to note that that Wyshak preceded both Twombly and Iqbal so could not be attempting to meet the pleading requirements established there.

11

prior to the Twombly and Iqbal decisions, when it held that "[a]ffirmative defenses are governed by the same pleading standard as complaints." Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004). As a result the Qarbon decision struck affirmative defenses of waiver, estoppel and unclean hands with leave to amend as being factually insufficient. Id. at 1050.

The Northern District of California followed the same course in Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F.Supp.2d 1167 (N.D.Cal., 2010), but did so after the Twombly and Iqbal decisions. In so doing it found that "the vast majority of courts presented with the issue" had followed this course while "only a few district courts have reached the contrary conclusion." Barnes, 718 F.Supp.2d at 1171-1172. It did, however, note an exception when the complaint being examined "is replete with evidentiary facts," id. at 1175, as is the situation with plaintiff's First Amended Complaint.

As a bench of this court recently noted, at one time it concluded that "affirmative defenses were subject to the heightened pleading standards announced by" Twombly and Iqbal. Aubin Industries, Inc. v. Caster Concepts, Inc., 2015 WL 3914000 (E.D.Cal. 2015), referring to Wine Group LLC v. L. and R. Wine Co., 2011 WL 130236 at #2 (E.D.Cal. 2011). In the Aubin decision however, the court declined to apply the heightened pleading standard to affirmative defenses pointing out that Wyshak called for no more the "fair notice" of the defense. Aubin Industries at *5, *citing* Figueroa v. Islands Rests., L.P., 2012 WL 2373249 at *2 (C.D.Cal. 2012) and Vogel v. Linden Optometry APT, 2013 WL 1831686 at *3 (C.D.Cal. 2013), both of which applied "the well established fair notice" standard described in Wyshak as continuing to apply.

The court went on to find that the Ninth Circuit had "resolved [the] district court split" in Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) by holding that the "fair notice" requirement of the Rule only required a description of the defense raised in "general terms." Aubin at *5. Thus the court no longer adopted the earlier interpretation of Barnes. Rather it viewed the function of a Rule 12(f) Motion as one "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Id. at *4 *quoting* Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

There are, however, a few defenses that do not pass muster. Affirmative Defense No. 1 is that the First Amended Complaint fails to state a claim upon which relief can be granted. ECF No. 47 at 3. In fact this is not an affirmative defense. Rather is a charge that plaintiff has failed to state a prima facie case. <u>Kohler v. Bed Bath & Beyond of California, LLC</u>, 2012 WL 424377 (C.D.Cal. 2012). An affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of plaintiff's claim are proven." <u>Roberge v. Hannah Marine Corp.</u>, 1997 WL 468330 at *3 (6th Cir. 1997); <u>Barnes</u>, *supra*, 718 F.Supp.2d at 1173, 1175. The same logic renders Affirmative Defense No. 3 claiming plaintiff has alleged insufficient facts to state a cause of action for interest, insufficient. ECF No. 47 at 3. These two defenses are stricken as unnecessary; defendants will be able to directly negate plaintiff's claims by law or fact in any event.

In sum, plaintiff has misapprehended the pleading process. His arguments in his Motion to Strike assume that his statements of evidentiary facts somehow, merely by being stated, prevent defendants from denying them. In fact, he has to prove his "facts" to a factfinder by putting it forward in the context of trial and then fashioning jury instructions to assist the jury weigh his facts against defendants' assertions. Continued argument and motion practice on these pleading issues is getting this case no closer to resolution than it was on the day it was filed almost two years ago.

C. *PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT*

Plaintiff seeks to amend his complaint for a second time in order to seek: Injunctive, Declaratory, and Other Equitable Relief, ECF No. 55 at 1:24-25, "add six new Defendants – two corporations, one individual and three State Defendants," <u>id.</u> at 2:5-7, allege additional claims "under the Sherman Act, Banes Act, Government Code sections, and sections 1981, 1983 and 1985." <u>Id.</u> at 2:11-12. Although, as explained in this court's first Order, ECF No. 3, the in forma pauperis statute, 28 U.S.C. section 28 U.S.C. 1915(e)(2) requires the court to examine pro se pleadings to determine that they are neither frivolous or malicious. In the event it is found to be frivolous, the court must dismiss a pleading although <u>Haines v. Kerner</u>, 404 U.S. 519, 5209-521 (1972) and <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988) dictate an

amendment should be allowed before a Complaint is dismissed with prejudice. In this case the Amendment would produce a frivolous pleading for the following reasons.

First, a court may deny leave to amend because of undue delay, bad faith, undue prejudice to the opposing party, or futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1963). There is no doubt undue delay is a factor in this proposed amendment insofar as the injury occurred in 2010, nearly 6 years ago, and the original Complaint has been pending for nearly 2 years. "Delay alone does not provide sufficient grounds for denying leave to amend", however. Retirement Fund Trust of Plumbing, Heating and Piping Industry of Southern California, 648 F.2d 1252, 1254 (1981), but delay is not the only factor here. Plaintiff seeks to add HSBC USA NA and JPMorgan Chase N.A. as defendants. These two parties were named in plaintiff's original complaint, ECF No. 1, but deleted at the time of plaintiff's amendment without having been served. Thus, they would clearly be brought into this action long after all potential statutes of limitations would have expired and their addition would undoubtedly lead to another long round of pleadings and subject them unfairly to costs that should not be imposed at this late date. Even though the statute of limitations is an affirmative defense normally not actionable until raised by a defendant as such, this kind of litigant and judicial waste is no something the court need foster or tolerate. Finally, the fact that these parties were in the original complaint discloses that plaintiff knew of their involvement in the facts underlying his complaint and independently decided not to proceed against them, also counsels against allowing this amendment.

Second, plaintiff seeks to add three new government employees – Barbara Bixby, William Koenig and Jeff Obstopski, who, it is disclosed in the factual averments were implicated from the beginning of the issues in this litigation in 2010, as was the new individual defendant, Kim Hickman, who is identified as having engaged with the other individual defendant, Stepanyan, to assist in the revocation of plaintiff's license. ECF No. 55 at 5:15-24. In order to add any of these parties, plaintiff must meet the requirements of Federal Rule of Civil Procedure 20. Under this Rule the court has the discretion to make such orders as may be required to prevent delay and prejudice. Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, 1125-1127 (2nd Cir.

1970); Arrington v. City of Fairfield, 414 F.2d 687, 693 (5th Cir. 1969); Allied Chemical Corp. v. Strouse, Inc., 53 F.R.D. 588, 589 (E.D.Pa. 1971). As discussed above, adding these parties will delay these proceedings, subject the new parties to a round of motions regarding the statute of limitations, which will undoubtedly be raised, and compound the already overly litigated case to which the matter has not even gone to discovery. For these reasons the court will deny plaintiff's motion to amend his complaint.

*CONCLUSION*

This case has been on the court's docket since November 24, 2015, has docket entries, and is no closer to resolution than it was on the day it was filed. The court must look both to the rights of the litigants and to the court's own interest in controlling its dockets. This case must move toward some resolution.

State defendants have raised various defenses that will, at some point, likely be resolved through a Motion for Summary Judgment. To reach this stage the parties must engage in discovery, but have shown no indication that they are proceeding with that phase of the case. Thus the court will require the present parties to the action to engage in a joint discovery conference within 30 days of the service of this Order, form a discovery plan, and then schedule a hearing for a presentation of the discovery plan to the court on a day established through contact with the court's courtroom deputy.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Strike the State defendants' Answer and Affirmative Defenses is DENIED except as to defenses 1 and 3;
2. Plaintiff's Motion to Amend his Complaint is DENIED;
3. Within 30 days of this Order the parties will participate in a joint discovery conference consonant with Federal Rule of Civil Procedure 26(f) followed by a consensual setting of a discovery conference before the court through contact with the court's courtroom deputy.

In light of the foregoing IT IS THEREFORE RECOMMENDED that:

1. Defendant Stepanyan's Motion to Dismiss be GRANTED without leave to amend;

2. Plaintiff's Fifth Claim for relief, based on Anti-Trust/Anti-Competitive Activity, was stricken from the Complaint based upon plaintiff's disregard of the court's earlier finding that the State defendants are immune from such an action, so this action may not be maintained and need not be responded to. <u>See</u> ECF No. 43 at 5:9-16, adopted by the District Court in ECF No. 46.

The Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: June 6, 2017

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE