UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL GONZALEZ,

    Plaintiff,

v.

DEPARTMENT (BUREAU) OF REAL ESTATE, et al.,

    Defendants.

No. 2:15-cv-2448 GEB GGH

ORDER

Plaintiff, appearing in pro se, has moved to disqualify the undersigned Magistrate Judge from further hearing this matter on the ground that he has shown bias and prejudice toward the plaintiff. ECF No. 83. He rests his motion on both 28 U.S.C. sections 144 and section 455. Under either section, the motion fails. However, it is first necessary to discuss a predicate issue to a motion for recusal under section 144.

Section 144 (as opposed to section 455) does not permit the challenged judge to review the merits of recusal-- except where the litigant does not file a declaration/affidavit demonstrating the nature of the bias alleged, or the declaration is insufficient on its face. 28 U.S.C. section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal

1

bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

However, the court in Berger v. United States, 255 U.S. 22 (1922), held that the judge against whom a disqualification motion is brought may, indeed must, pass on the declaration's legal sufficiency as opposed to the truth of the facts alleged. See Berger, 255 U.S. at 32. To be sufficient, the declaration must state facts which, if deemed to be true, fairly support the allegation of bias or prejudice which stems from an *extrajudicial source* and which may prevent a fair decision. U.S. v. Azhocar, 581 F.2d 735, 739-740 (9th Cir. 1976). See also United States v. Grinnel, 384 U.S. 563, 583 (1966) which states that ["t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case."

Pursuant to the foregoing authority the court has carefully examined the Memorandum and Declaration submitted by plaintiff and finds that he raises only issues of court rulings with which he disagrees. Principal among his criticisms is the failure of the court to address the absence of proof of service on a particular pleading that plaintiff stated he never received in "hard copy." See *inter alia* ECF No. 4 at 7:5-8:20. In plaintiff's view, the judge's position on the issue creates an inference of preference for opposing counsel. This assumption is, in light of the foregoing, insufficient to show extrajudicial bias. Rather plaintiff is simply challenging the court's judicial decision-making. These allegations do not rise to the level of those specified in 28 U.S.C. section 144 pursuant to which it would be the duty of the court to refer the matter to an independent judicial officer to determine that extrajudicial bias is shown.

Having determined that the undersigned may rule in this matter, the foregoing also disposes of plaintiff's recusal arguments on the merits under both sections. 28 U.S.C. § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Under both recusal statutes [section 144 and 455], the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). (internal quotations and citations omitted). Except in extraordinary situations where court rulings or statements on their face directly demonstrate an animosity or personal bias, impartiality or bias cannot reasonably be inferred from "poor" rulings or adverse rulings. That is "poor" or adverse rulings do not create the appearance of bias/impartiality except in the rarest situations. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Litkey v. United States, 510 U.S. 540, 555 (1994); In re Marshall, 721 F.3d 1032, 1041-42 (9th Cir. 2013). The fact that the undersigned did not accept plaintiff's protestations about lack of service, after plaintiff certainly became aware of, and had access to, the allegedly non-served document does not demonstrate a personal bias.[1]

Accordingly, under both 28 U.S.C. sections 144, and 455, plaintiff's showing is insufficient to merit recusal.

In light of the foregoing, IT IS HEREBY ORDERED that: Plaintiff's Motion to Recuse is DENIED.

**IT IS SO ORDERED**.

Dated: August 3, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if rulings in this case could demonstrate bias, as a whole plaintiff has prevailed in as many arguments as he has lost.

3