UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-02448-GEB-GGH<br><br>FINDINGS AND RECOMMENDATIONS |

On September 5, 2017 plaintiff filed a Motion for Temporary Restraining Order seeking to restrain "the HSBC parties" from continuing an attempt to evict him from his home in Citrus Heights on the ground that the Sacramento Superior Court had issued a preliminary injunction restraining such action in Sacramento Superior Court Case No. 34-2011-00105815 after hearing on April 12, 2010. ECF No. 89 at 2:12-16. Plaintiff discloses, however, that the case in which the preliminary injunction was entered was dismissed for failing to bring the matter to trial within five years on November 24 2015, and an appeal of the dismissal was denied by the Third District Court of Appeal without a decision on the merits. Id. at 20-23. Plaintiff seeks to have this court "renew" the preliminary injunction order and set a hearing to renew the preliminary injunction.

It should be added that plaintiff did not attend the hearing on his Motion that he had noticed.

1

*DISCUSSION*

There are two very systemic difficulties with this Motion. First, when the Superior Court dismissed the case in which the preliminary injunction was ordered, that order was no longer in effect. A preliminary injunction is entered dependent on a final injunction to be entered upon case resolution. When the case was dismissed, the possibility of a final injunction evaporated as did the preliminary injunction. Thus this court cannot "renew" that which does not exist. Second, to the degree plaintiff seeks to have this court issue an order restraining the "HSBC parties" that is an equally impossible task insofar as the there are no such parties before this court.

In his original complaint, filed on November 24, 2013, plaintiff included both HSBC USA and HSBC Mortgage Services, Inc. as defendants. ECF No. 1. The court presumes these are the "HSBC parties" to whom the motion for injunctive relief refers. On April 1, 2016 plaintiff filed a First Amended Complaint that did not identify the HSBC parties as defendants, although Does 1-50 were named as such. ECF No. 6. In alleging Doe defendants plaintiff stated that the identifies of any such defendants were not known to him at the time so he could not be referring to the "HSBC parties" as included in that designation.

On April 12, 2017 plaintiff sought leave to file a second amended complaint to which he proposed to add six additional defendants, including HSBC USA NA Bank. ECF No. 55 at 13:14-16. On June 7, 2017 this court issued its Order and Findings and Recommendations in which it denied the Motion to Amend on the grounds of undue delay and prejudice to the parties plaintiff sought to add as defendants. ECF No. 74 at 14:3-20. These filings by the Magistrate Judge, together with objections to it filed by plaintiff on July 21, 2017, ECF No. 82, have now been adopted and ordered. ECF No. 92.

*CONCLUSION*

This court does not have power[1] either to enforce state court orders that have expired due to dismissal of all claims before that court or to restrain a non-party to the action.[2] In light of the

---

[1] Plaintiff might consider filing a new complaint in the Superior Court to attempt to arrest the sale at issue here, but this court expresses no opinion regarding the likelihood of success or failure of any such effort.

[2] Plaintiff appears to have recognized this difficulty insofar as on his Temporary Restraning

foregoing IT IS THEREFORE RECOMMENDED that: Plaintiff's Motion for Temporary Restraining Order (seeking to reinvigorate a dismissed state court preliminary injunction) be denied.

This Findings and Recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

**IT IS SO ORDERED**.

Dated: September 12, 2017

                                            /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

---

Order Checklist, filed along with his Motion he indicates that he requested that the "co-defendants as real parties in interest stipulate to being joined in this action" but he received no reply to that request. ECF No. 89-1 at 1(B).