Sean Gavin (SBN: 251124)
FOOS GAVIN LAW FIRM, P.C.
3947 Lennane Drive, Suite 120
Sacramento, CA 95834
T: 916.779.3500
F: 916.779.3508
E: sean@foosgavinlaw.com

Attorney for NARINE STEPANYAN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL E. GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT (BUREAU) OF REAL ESTATE, et al. <br><br> Defendants. | Case No.: 2:15-cv-2448 GEB GGH PS <br><br> **NARINE STEPANYAN'S RESPONSE TO PLAINTIFF'S MOTION TO ADMIT DEPOSITION EXCERPTS FROM PRIOR ACTIONS** <br><br> **Date:** March 1, 2018 [VACATED] <br> **Time:** 9:00 a.m. [VACATED] <br> **Before:** The Honorable Troy L. Nunley |

Pursuant to this Court's Order of April 4, 2018, requiring Defendants to submit a response to Plaintiff's Motion to Admit Deposition Excerpts from Prior Actions (ECF #104), Narine Stepanyan submits the following.

Notably, Ms. Stepanyan submits this brief in response to the Court's Order, and does not by doing so concede that she remains a party to this action, as will be discussed in greater detail below.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff filed this instant case on November 24, 2015, naming, among others, Narine Stepanyan. See ECF #1. He subsequently filed his operative First Amended Complaint, again naming Ms. Stepanyan, on February 1, 2016. See ECF #6.

On March 22, 2017, after a prior unsuccessful attempt, Ms. Stepanyan filed a motion to dismiss the claims against her. See ECF #49.

The Court took the motion to dismiss under submission without oral argument. See ECF #72.

On June 7, 2017, the Court issued and Order and Findings and Recommendations wherein it recommended, among other things, that Ms. Stepanyan's Motion to Dismiss be granted without leave to amend. See ECF #74.

On June 23, 2017 Plaintiff requested a 15 day extension of time to file Objections the foregoing, (see ECF #75), and on June 29, 2017 the magistrate judge granted the request and issued an Order that required objections to be filed by July 14, 2017. See ECF #76. Plaintiff filed objections on July 21, 2017. See ECF #82.

On September 8, 2017, District Judge Burrell issued an Order that, among other things, adopted the recommendation to grant Ms. Stepanyan's Motion to Dismiss without leave to amend.

On November 2, 2017, Plaintiff filed an Appeal of Judge Burrell's September 8 Order to the U.S. Court of Appeals for the Ninth Circuit. See ECF #100.

Pursuant to the Court of Appeals' Scheduling Order, Plaintiff's opening brief on appeal was due February 2, 2018. Instead of filing it, however, on January 25, 2018, Plaintiff filed a motion styled "Motion to Hold Appeal in Abeyance and Discharge Time Scheduling Order."

The Court of Appeals has not ruled on that motion. Rather, on January 26, 2018, the Court of Appeals issued an order indicating that "[a] review of the record suggests that this court may lack jurisdiction over the appeal filed November 2, 2017 because the district court orders challenged in the appeal may not be final or otherwise immediately appealable," and therefore ordering Plaintiff: "[w]ithin 21 days after the date of this order, appellant shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction."

On February 16, 2018, Plaintiff filed a Response to the Order to Show Cause. As of the date of this filing, the Court of Appeals has not issued any further orders on the case.

Therefore, as it presently stands, Ms. Stepanyan has been dismissed from the instant matter and is not a party to it.

## II. ARGUMENT

### A. FRCP 32(a)(1) No Longer Applies Because Ms. Stepanyan is No Longer a Party

Federal Rule of Civil Procedure 32(a)(1) clearly states that it is applicable "against a party." As Ms. Stepanyan is presently not a party to this action, it therefore does not apply.

### B. It is Premature to Determine Whether FRCP 32(a)(2) through (8) Apply

The determination of whether the circumstances warrant admission of Ms. Stepanyan's prior deposition testimony under Federal Rule of Civil Procedure 32(a)(2) through (8) is premature. For example, it is too early to know what her trial testimony will be (if any), and it is unknown whether she will be an unavailable witness. As a result, Plaintiff's motion to shape the evidence that will be admissible at trial is simply filed too early.

## III. CONCLUSION

For the reasons stated above – namely that Ms. Stepanyan is not presently a party, and it is too early to determine whether other circumstances will render her deposition testimony admissible – this Court should deny the instant motion.

Respectfully Submitted,

FOOS GAVIN LAW FIRM, P.C.

Date:

By: __/s/ Sean Gavin__
Sean Gavin (SBN: 251124)
Attorney for NARINE STEPANYAN