Daniel Gonzalez
7125 Calvin Drive,
Citrus Heights, CA 95621
Telephone (916) 247-6886
Plaintiff, Pro Se



FILED

JUN 0 5 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE; et al.,<br><br>Defendants. | Case No. 2:15-cv-2448 GEB GGH PS<br><br>NOTICE OF MOTION AND MOTION PER RULE 60(b) AND RULE 60(d) TO SET ASIDE AN ORDER FOR FRAUD ON THE COURT BASED ON NEW AND DIFFERENT FACTS, LAW, OR CIRCUMSTANCES<br><br>Date: [1]     August 23, 2018<br>Time:        2:00 p.m.<br>Room:        Courtroom 2, 15th floor<br>District Judge Hon. Hon. Troy L. Nunley |

PLEASE TAKE NOTICE that on August 23, 2018, at 2:00 p.m., in Courtroom 2, at 501 I Street, Sacramento, CA, or as soon thereafter as the matter may be heard, Daniel Gonzalez, plaintiff, ("Plaintiff") will and hereby does move for an order setting aside and vacating the dismissal of Defendant Narine Stepanyan ("Stepanyan") adopted by an order in September 2017.

Federal Rule 60(b) authorizes the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(d) supports two distinct procedural avenues to seek to set aside a judgment or

---
[1] Plaintiff is undergoing several eye surgeries beginning on May 17, 2018, and the August hearing date permits adequate time needed for full recovery. Given these medical constraints, other supporting documents would be filed per Local Rule 230.

**NOTICE OF MOTION AND MOTION TO SET ASIDE AND VACATE DISMISSING DEFENDANT NARINE STEPANYAN BASED ON NEW AND DIFFERENT FACTS AND CIRCUMSTANCES PER FED. RULES 59 AND 60**                                                                                                 1

order procured by fraud on the court: either by filing an independent action (Rule (c)(1)) or through a motion (Rule (c)(3)).

Plaintiff's assertions include, but are not limited to, new and different facts, events, or circumstances as follows:

1. Plaintiff's inadvertent misinterpretation of Stepanyan's deposition testimony from December 9, 2015, led to mistakes in the FAC. Some Stepanyan deposition responses misled plaintiff for several reasons such as: (a) her unclear explanation about "why" she continued meeting with State Defendant Kyle Jones on June 15, 2010; (b) her retaliatory motives to garner damaging information about the plaintiff after his testimony during the trial on May 2010, exposed how Stepanyan refused to produce any verifiable legitimate source for the $7,550.00 cash used for the auction fee in 2009; or, (c) confusions her attorney (Sean Gavin) created by interruptions, insults, and coaching throughout the deposition.

2. Stepanyan and the State Defendants defrauded the state appellate court (Case No. C070099), this Court, and plaintiff by concealment and inconsistent statements. Since January 2010, both Stepanyan and the State Defendants knew of Sacramento Superior Court Case No. 09SC07833 and 09SC07834. Stepanyan testified she gave the statements contained in the BRE investigative memorandum dated June 15, 2010. Stepanyan testified that during the meeting on June 15, 2010, she told Jones she had completed the civil trial in May 2010 in Sacramento Superior Court Case No. 09SC07833 and 09SC07834. Thereafter, Stepanyan testified she agreed with Jones not to disclose the completed civil trial in the BRE investigation. Stepanyan testified she knew of the final civil judgment and agreed with Jones to conceal it by never amending any of the investigation or administrative record. This evidence voids the BRE license revocation no. H5489-SAC as unconstitutional based on fraud, perjury, and false fabrication;

3. Stepanyan and the State Defendants defrauded the state appellate court (Case No. C070099), this Court, and plaintiff by perjury. Since January 2010, both Stepanyan and the State Defendants had a copy of: (a) the letter disclosing the auction fee disbursements signed by Stepanyan on June 18, 2009; (b) the auction terms and conditions agreement; and (c) all

NOTICE OF MOTION AND MOTION TO SET ASIDE AND VACATE DISMISSING DEFENDANT NARINE STEPANYAN BASED ON
NEW AND DIFFERENT FACTS AND CIRCUMSTANCES PER FED. RULES 59 AND 60

2

purchase contracts for the auction sale of 3646 Don Julio Blvd., North Highlands, CA. Stepanyan testified she did not sign the disclosure letter on June 18, 2009. On December 20, 2015, plaintiff obtained a handwriting report from a court-qualified forensic document examiner expert establishing, beyond a reasonable doubt, that Stepanyan did sign the disclosure letter on June 18, 2009. This evidence voids the BRE license revocation no. H5489-SAC as unconstitutional based on fraud, perjury, and false fabrication;

4. Stepanyan defrauded the state appellate court (Case No. C,070099), Sacramento Superior (Case No. 34-2011-80000794 & 34-2011-00112097) and this Court by deceit. On February 2, 2017, this Court took judicial notice of the Third District Court of Appeals decision C070099. On February 27, 2014, the state appellate court in C070099 stated the civil trial judgment in Sacramento Superior Court Case No. 09SC07833 and 09SC07834 issued on June 14, 2010, had nothing to do with real estate broker fraud. On December 9, 2015, Stepanyan testified she admits suing plaintiff for real estate broker fraud in Sacramento Superior Court Case No. 09SC07833 and 09SC07834. Stepanyan further testified she admits she lost four civil actions she filed for real estate broker fraud. This testimony impeaches the state appellate court's contrary factual and legal conclusion, and makes appellate opinion C070099 unconstitutional based on deceit and fraud;

5. Stepanyan and her attorney defrauded this Court and plaintiff by knowingly filing false affidavits and documents for a premature dismissal, while violating due process codified by Federal Rule of Civil Proc. 5 and Local Rule 230. Gavin and his paralegal filed declarations and documents claiming they "served" plaintiff. New and different information from the United State Postal Service prove Gavin and his paralegal defrauded this Court by using declarations and documents as if true when they knew they were false;

6. Stepanyan began defrauding this Court on or about August 8, 2016, through a concealed money-laundering scheme with undisclosed third parties, Ovidiu Tira and Maria Tira, using unlicensed and unregistered California entities, Pinpoint LLC, and Loan Remedy Investments. In 2012, a Senate investigation revealed that between 2001-2008, HSBC knowingly and willingly took $15 billion from global drug cartels, transferred those illegal

NOTICE OF MOTION AND MOTION TO SET ASIDE AND VACATE DISMISSING DEFENDANT NARINE STEPANYAN BASED ON NEW AND DIFFERENT FACTS AND CIRCUMSTANCES PER FED. RULES 59 AND 60

3

funds to the U.S., violating four counts of federal criminal laws. The Stepanyan/Tira scheme with Defendants HSBC and JPMorgan Chase led to a fraudulent conveyance on December 6, 2017, during plaintiff's quiet title dispute of 7125 Calvin Drive, Citrus Heights, CA;

7. Stepanyan defrauded this Court through "closely related" state claims plaintiff will allege against Stepanyan in a [proposed] Second Amended Complaint ("SAC"). Per 28 U.S.C. § 1367 (supplemental jurisdiction), these state claims involve fraud based on her deposition testimony which must be decided in the same trial as the State Defendants; and,

8. The state court process has not and will not give adequate or impartial protection of plaintiff's due process and equal protection rights.

The bases for the motion is on the notice, memorandum of points and authorities, request for judicial notice, declaration, pleadings in the court record, and any oral argument at the hearing.

Dated: May 15, 2018

Respectfully submitted,

By: *Daniel Gonzalez*
DANIEL GONZALEZ
Plaintiff

# PROOF OF SERVICE

I am a Citizen of the United States and over the age of eighteen years, and not a party to the within entitled action; my address is 6026 Longford Drive, Citrus Heights, CA 95621

On <u>June 4, 2018</u>, I received the following documents and served them:

**NOTICE OF MOTION AND MOTION PER RULE 60(b) AND RULE 60(d) TO SET ASIDE AN ORDER FOR FRAUD ON THE COURT BASED ON NEW AND DIFFERENT FACTS, LAW, OR CIRCUMSTANCES**

on the parties in said action, by placing a true copy thereof in a USPS depository priority postage prepaid affixed thereon located in Citrus Heights, California addressed as follows:

| Oliver R. Lewis, DAG<br>Office of the Attorney General<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550 | Sean Gavin<br>Attorney at Law<br>3947 Lennane Drive, Suite 120<br>Sacramento, CA 95834<br>(916) 779-3508 |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on <u>June 4, 2018</u> at Citrus Heights, California;

By: _____
Robert Gonzalez

NOTICE OF MOTION AND MOTION TO SET ASIDE AND VACATE DISMISSING DEFENDANT NARINE STEPANYAN BASED ON NEW AND DIFFERENT FACTS AND CIRCUMSTANCES PER FED. RULES 59 AND 60

4