Daniel Gonzalez
4300 Black Avenue
P.O. Box 847
Pleasanton CA 94566
Telephone (916) 247-6886

Plaintiff, Pro Se

FILED

NOV 15 2019

CLERK U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | CASE NO. No.: 2:15-CV-2448 TLN KJN |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION TO ALTER OR AMEND ORDER ENTERED ON OCTOBER 17, 2019** |
| vs. | [Fed. R. Civ. P. 59 & 60] |
| BUREAU OF REAL ESTATE, et al, | Hearing Date: January 23, 2020 |
| | Time: 10:00 a.m. |
| Defendants. | Courtroom: 25, 8th floor |
| | Judge: Hon. Kendall J. Newman |

**TO ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 10:00 a.m. on January 23, 2020, in Courtroom 25, 8th Floor, United States District Court, 501 I Street, Sacramento, California, 95814 or as soon thereafter as may be heard, Daniel Gonzalez (the "Plaintiff") will and hereby does move for an order altering or amending the Order modifying the discovery schedule entered on October 17, 2019. (ECF No. 151)[1] This motion is made pursuant to Federal Rule of Civil Procedure Rules 59(e), 60(b), and/or 60(d).

A district court has "considerable discretion" when considering a motion to amend a judgment under Rule 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed.1995)). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is

---

[1] Received by plaintiff on October 19, 2019. See, Fed. Civ. Proc., Rule 5(b)(2).

PLAINTIFF'S NOTICE OF MOTION TO ALTER OR AMEND ORDER ENTERED OCTOBER 17, 2019 – *PAGE 1*

"necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law." *Id.;* see also, *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, (9th Cir. 2003) (internal quotations omitted).

"The law in this circuit is that errors of law are cognizable under Rule 60(b). (*Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982) (citation omitted)). FRCP 60(b) permits a party to seek review of an unfavorable judgment or order directly from the district court. Specifically, FRCP 60(b) allows a party to seek relief from a final judgment, order or proceeding directly from the district court judge in the following circumstances:

- Mistake, inadvertence, surprise, or excusable neglect (*FRCP 60(b)(1)*).
- Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under FRCP 59(b) (*FRCP 60(b)(2)*).
- Fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party (*FRCP 60(b)(3)*).
- The judgment is void (*FRCP 60(b)(4)*).
- The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable (*FRCP 60(b)(5)*).
- Any other reason that justifies relief (*FRCP 60(b)(6)*).

Rule 60(d) grants authority to alter or amend the scheduling order. Subsection 60(d)(1) permits filing an independent action without limit of the court's power to relieve a party from a judgment, order, or proceeding. Subsection Rule 60(d)(2) grants relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action. Further, Rule 60(d)(3) grants relief to set aside a judgment for fraud on the court.

As a relevant basis to alter or amend the prior scheduling Order entered on October 17, 2019, plaintiff intends to subsequently set forth objections per Rule 30(c)(2). Furthermore, plaintiff intends to submit a motion to terminate or limit his deposition pursuant to Rule 30(d)(3)(A) on the ground that it is being conducted in bad faith or with the sole purpose to further unreasonably annoy, embarrass, or

oppress plaintiff. Once a Rule 30(d)(3)(A) motion files demanding relief in this pending action, the deposition must be suspended for the time necessary to obtain an order. Rule 30(d)(3)(B).

The Order entered on October 17, 2019, based on a limited record presented by the defendants, reset only expert discovery dates without a hearing. Such a motion without a scheduled hearing date deprived plaintiff the opportunity to present countervailing evidence. These omitted discovery matters are pertinent to the claims of due process, equal protection, and malice, oppression, or fraud which have been complained of in this action. (ECF Nos. 146, 142, 131, 124, 123, 119, 117, 113, 105, 104, 99, 92-97, 89, 74, 61, 48, 44, 43, 37-41, 6, 1.)

The Order at issue unilateral favor to the Department (Bureau) of Real Estate, its officers, and employees, is a clear legal error without conducting an evidentiary hearing. *See, Johnson v. Finn*, 665 F.3d 1063, 1075-76 (9th Cir. 2011) ("Because the petitioners' interest in the vindication of their rights is immense, because the administrative burden of an additional hearing is relatively minor, and because a credibility determination based on a cold record is substantially more likely to be in error than one based on an in-person evaluation of a witness, the district judge deprived [the defendants] of due process when he declined to afford them a new evidentiary hearing.") The Ninth Circuit mandates such an evidentiary hearing to preserve equality, judicial integrity, and truth by an unbiased factfinder. *See, United States v. Thorns, 684 F.3d 893, at 903 (9th Cir. 2012)* (noting that the newly announced rule was designed "to further the integrity and accuracy of our judicial process and to facilitate the search for truth")

This Notice of Motion is based on the additional grounds that:
1) The Order is clear error in not extending collateral discovery dates from the February 22, 2019, scheduling (ECF No.136) as there exist a necessity for several subsequent noticed motions to compel objecting or non-responding third parties to comply with subpoenas issued from this Court to produce discoverable evidence;
2) The Order is clear error as there exist necessity for plaintiff to complete arrangements for depositions of California judges Thadd A. Blizzard and Michael P. Kenny, and Associate Justice M. Kathleen Butz, through the Judicial Council of California which the Order entered on October 17, 2019, does not provide adequate discovery deadlines;
3) The Order is clear error in not extending collateral discovery dates from the February 22, 2019, scheduling (ECF No.136) as a necessity exist for a subsequent noticed

motion to have prior deposition testimony entered in this action for the purpose of impeachment;

4) The Order is clear error in not extending collateral discovery dates from the February 22, 2019, scheduling (ECF No.136) as a necessity exist for plaintiff to seek relief through a subsequent noticed motion for a TRO and Preliminary Injunction (ECF No. 146, 147) to regain possession and ownership of his real property based on retaliatory acts and purposeful discrimination by State Defendants;

5) The Order is clear error as there exist a necessity for declaratory and injunctive prospective relief (ECF No. 146, 147) requesting this District Court comply with the spirit of clearly established law set forth in *Bell v Burson,* 402 U.S. 535, 541-542 (1971), which precluded the Department of Real Estate or State courts from violating Due Process by imposing discipline of a licensee if 3 legal criteria establish no fault;

6) The Order is clear error as there exist a necessity for declaratory and injunctive prospective relief (ECF No. 146, 147) requesting this District Court comply with the spirit of clearly established law held in *Devereaux v. Abbey (Devereaux),* 97-35781, 263 F.3d 1070, 1075 (9th Cir. 2001), re-affirmed in *Costanich v. Department of Social and Health Services*, 627 F.3d 1101 (9th Cir. 2010), which precluded the investigators and attorneys of the Department of Real Estate to deliberately fabricate evidence or conceal a prior court adjudication resulting in violation of Due Process and Equal Protection, is not entitled to qualified immunity;

7) The Order is clear error as there exist a necessity for declaratory and injunctive prospective relief (ECF No. 146, 147) requesting this District Court comply with the spirit of clearly established law that an investigation continued by state actors after knowing the person is innocent is not entitled to qualified immunity and violated the First Amendment as held in *White v Lee,* 227 F.3d 1214, 1228 (9th Cir. 2000);

8) any additional law, facts, or admissible evidence which warrant altering, amending, or vacating the Order entered on October 17, 2019.

This Notice of Motion will be based on the subsequent Points and Authorities and referenced transcript of proceedings, the pleadings and papers on file in this action, and such argument as may be presented prior to or during the hearing.

DATED: November 14, 2019

Respectfully submitted,

By: _____

Daniel Gonzalez, Plaintiff