1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  ALBERTO L. GONZALEZ, State Bar No. 117605
   Supervising Deputy Attorney General
3  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-7529
6   Fax: (916) 322-8288
    E-mail: John.Bridges@doj.ca.gov
7  *Attorneys for Defendants*
   *Kyle Jones, Tricia Sommers, Truly Sughrue, Jeff*
8  *Davi, Wayne Bell, William Moran, and John*
   *VanDriel*
9

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DANIEL E. GONZALEZ,** <br><br> Plaintiff, <br><br> v. <br><br> **DEPARTMENT (BUREAU) OF REAL ESTATE, et al.,** <br><br> Defendants. | Case No.: 2:15-cv-2448 TLN KJN PS <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ANSWERS TO QUESTIONS AT ORAL DEPOSITION; DECLARATION OF JOHN BRIDGES IN SUPPORT OF MOTION TO COMPEL** <br><br> Hearing Date: December 19, 2019 <br> Time:  10:00 a.m. <br> Judge.:  Honorable Kendall J. Newman <br><br> Trial Date:  TBD <br> Action Filed:  November 24, 2015 |

TO PLAINTIFF DANIEL E. GONZALEZ IN PRO PER:

PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Civil Procedure 37 and Local Rule 251, Defendants Jones, Sommers, Sughrue, Davi, Bell, Moran, and VanDriel move this Court for an order compelling Plaintiff to answer questions at an oral deposition. This motion is set for hearing on fourteen (14) days notice due to Plaintiff's complete and total failure to respond to a discovery request pursuant to Local Rule 251(e).

1

1  This motion will be based on this Notice of Motion and Motion, the Memorandum of Points
2  and Authorities, the Declaration of John C. Bridges, and a copy of the Notice of Deposition
3  served on Plaintiff.
4  For the reasons presented, Defendants' motion should be granted and a deposition date set.

Dated:  December 4, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ John C. Bridges*

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants*
*Kyle Jones, Tricia Sommers, Truly Sughrue, Jeff Davi, Wayne Bell, William Moran, and John VanDriel*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO ANSWER QUESTIONS AT AN ORAL DEPOSITION**

**I.   INTRODUCTION**

Plaintiff alleges six causes of action against all defendants, all of which arise from the revocation of his California real estate license.

Defendants seek an order compelling Plaintiff to provide deposition testimony. Defendants served a properly noticed Notice of Deposition on August 1, 2019, with a scheduled deposition date of August 20, 2019. Plaintiff did not appear for his deposition. Defense counsel has subsequently reached out to Plaintiff multiple times to schedule the deposition, but Plaintiff has refused to be deposed. Without Plaintiff's deposition testimony Defendants cannot adequately prepare a defense to his claims. Moreover, pursuant to the Court's Order extending the time to take Plaintiff's deposition to the end of December 2019, this motion is necessary to compel Plaintiff's participation in the deposition process.

**II.   PROCEDURAL HISTORY**

Plaintiff filed his original Complaint on November 24, 2015. (ECF No. 1.) He filed the First Amended Complaint, which is the operative Complaint, on April 1, 2016. (ECF No. 6.) By Order dated July 22, 2016, the lawsuit was allowed to proceed against the Defendants. (ECF No. 11.) On March 9, 2017, Defendants filed an Answer denying all claims. (ECF No. 47.) On February 22, 2019, the Court issued a Discovery and Scheduling Order. (ECF No. 136.)

Defendants served a Notice of Deposition to Plaintiff via U.S. Mail on August 1, 2019 with a deposition date of August 20, 2019. Plaintiff did not appear for his deposition. On September 19, 2019, defense counsel emailed Plaintiff to arrange a meet and confer telephone conference about the deposition and potential motion to compel. Plaintiff did not respond. On October 1, 2019, defense counsel followed-up with another email about arranging a telephone conference to discuss Plaintiff's deposition attendance. Plaintiff again did not respond. On October 3, 2019, defense counsel called Plaintiff's telephone number of record and left a voicemail indicating a desire to meet and confer about the deposition. Defense counsel followed-up that telephone call with an email, citing this Court's Pretrial Scheduling Order's telephonic meet and confer requirements, and again requesting a telephone conference to discuss the deposition. On October

4, 2019, Plaintiff responded via email, stating that he did not receive the Notice of Deposition, and was unavailable in July and August. However, he stated that when the responses to his pending discovery and subpoenas are completed, "we may arrange a deposition in December."[1] Defense counsel responded by requesting that Plaintiff provide him with proposed dates for the deposition in December, and asking Plaintiff to stipulate to an extension of time to complete his deposition. Plaintiff responded that he was willing to stipulate to a new discovery cut-off of June 20, 2020. Defense counsel responded that he would not agree to an extension beyond December 2019.

On October 8, 2019, defense counsel filed a Request for Extension of Time to Conduct Discovery and Disclose Expert Witnesses, requesting an extension of time to take Plaintiff's deposition to the end of December 2019. (ECF No. 149.) That Request was granted on October 17, 2019. (ECF No. 151.)

On October 18, 2019, defense counsel emailed Plaintiff about the Court's Order extending the time to complete his deposition, and requested dates of availability in December. Defense counsel also asked Plaintiff if he was able to travel to Sacramento for the deposition since he recently relocated to Pleasanton, California. Plaintiff did not respond.

On November 1, 2019, defense counsel followed-up with another email asking Plaintiff for his availability to be deposed. Plaintiff did not respond.

On November 19, 2019, defense counsel followed-up with another email asking Plaintiff for dates and a location for the deposition. Plaintiff did not respond.

On November 26, 2019, defense counsel followed-up with another email suggesting six dates in December, and requesting a response no later than December 2, 2019. Defense counsel indicated that if no response was received, he would unilaterally schedule the deposition for one of the six proposed dates, and schedule it for Pleasanton to accommodate Plaintiff.

On December 3, 2019, Plaintiff faxed a letter to defense counsel dated December 2, 2019. Plaintiff stated that "Your harassing emails demand a deposition date without permitting further

---

[1] Plaintiff's pending discovery and subpoenas are not directed to any of the named Defendants, but only involve third parties.

4

motions or completion of pending discovery is inappropriate. There is no agreement for a deposition on any of the dates sent."

## II. LEGAL AUTHORITY

Federal Rules of Civil Procedure, Rule 37, allows a party to move for an order compelling attendance and participation in a properly noticed deposition. Fed. R. Civ. P. 37(a)(3)(B)(i).

## III. ARGUMENT IN SUPPORT OF MOTION TO COMPEL

In this case, Plaintiff failed to appear and give testimony upon receiving a notice of deposition. He subsequently refused to communicate with defense counsel in meet and confer efforts, and repeatedly refused to provide dates of availability. Defense counsel has exhausted all available remedies other than seeking court intervention to compel Plaintiff's deposition. As a result, an order compelling deposition attendance is proper.

Defendants have diligently conducted discovery in compliance with the Court's Orders, but cannot fully and thoroughly prepare this matter for any dispositive motions or trial without Plaintiff's deposition testimony. Defendants will be prejudiced without the opportunity to depose Plaintiff.

## IV. CONCLUSION

Plaintiff has failed and refused to be deposed. He has failed to appear for his deposition and refuses to meet and confer with defense counsel regarding his availability to give deposition testimony.

///
///
///
///
///
///
///
///
///

1  His deposition testimony is relevant and necessary for Defendants to prepare a defense.  As a
2  result, Defendants respectfully request that the Court compel Plaintiff to provide defense counsel
3  with a mutually agreeable date for his deposition by the end of December 2019, and to compel
4  Plaintiff to attend and provide testimony at that deposition.

5  Dated:  December 4, 2019

Respectfully submitted,
XAVIER BECERRA
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ John C. Bridges*
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants Kyle Jones, Tricia Sommers, Truly Sughrue, Jeff Davi, Wayne Bell, William Moran, and John VanDriel*

## DECLARATION OF JOHN BRIDGES IN SUPPORT OF MOTION TO COMPEL

I, John Bridges, declare:

1. I am a Deputy Attorney General with the California Department of Justice, attorneys for Defendants Jones, Sommers, Sughrue, Davi, Bell, Moran, and VanDriel.

2. On June 13, 2019, I emailed Plaintiff asking for his availability to sit for a deposition.  A true and correct copy is attached hereto as Exhibit 1.

3. Receiving no response to my email, I sent another email to Plaintiff on June 27, 2019, again asking for his availability to sit for a deposition in July or early August.  A true and correct copy is attached hereto as Exhibit 2.

4. On June 27, 2019, Plaintiff responded by stating, "Not available," and alleging that "I have other personal and medical problems created by your office and defendants to be harassed by a deposition."  A true and correct copy is attached hereto as Exhibit 3.

5. On June 27, 2019, I responded to Plaintiff's email by referring him to Federal Rule of Civil Procedure 30, and asked him to reconsider his position and provide me with his availability.  A true and correct copy is attached hereto as Exhibit 4.

6. Receiving no response, I sent another email to Plaintiff on July 8, 2019.  In previous correspondence on May 15, 2019, Plaintiff stated that he was "under the current stress of

6

eviction." On July 8, 2019, I asked Plaintiff for his new address for the purposes of serving the Notice of Deposition, and notified him that he had not updated his address with the Court. A true and correct copy is attached hereto as Exhibit 5.

7. Receiving no response, I sent another email to Plaintiff on July 23, 2019, again asking for his current address, and indicating that I intended to serve the deposition notice to his current address on file with the Court. I further indicated that I planned to take his deposition on August 13, August 14, or August 20, and asked if any of those dates worked for him. I asked him to respond by July 26, 2019. A true and correct copy is attached hereto as Exhibit 6.

8. Receiving no response, I served a Notice of Deposition on August 1, 2019, with a deposition date of August 20, 2019. The deposition was scheduled to take place at 10:0 a.m. in Sacramento. A true and correct copy is attached hereto as Exhibit 7.

9. On August 20, 2019, I attended the deposition of Plaintiff. Plaintiff did not appear. I made a statement of non-appearance on the record, and concluded the deposition. A true and correct copy is attached hereto as Exhibit 8.

10. On September 6, 2019, Plaintiff filed a Notice of Change of Address. A true and correct copy is attached hereto as Exhibit 9.

11. On September 19, 2019, I emailed Plaintiff about his non-appearance at the deposition, and asked when he was available for a telephone conference to meet and confer about the deposition. A true and correct copy is attached hereto as Exhibit 10.

12. Receiving no response, I sent another email on October 1, 2019, asking Plaintiff when he was available to meet and confer about the deposition. A true and correct copy is attached hereto as Exhibit 11.

13. On October 3, 2019, I called Plaintiff's telephone number of record and left a voicemail indicating the need to meet and confer about his deposition. After leaving that voicemail, I sent Plaintiff another email about the need to meet and confer, and cited this Court's Pretrial Scheduling Order regarding the meet and confer requirement prior to filing any discovery motions. I asked him to respond no later than October 7, 2019. A true and correct copy is attached hereto as Exhibit 12.

14. On October 4, 2019, Plaintiff sent me an email indicating that he is currently "under medication for post-traumatic stress disorder as a result of the wrongful taking and withholding of my license, Bureau corruption with the AG causing the harms suffered since 2010," and stating that he is "emotionally and financially unstable." He further indicated that he did not receive the Notice of Deposition, but stated that he was unavailable in July and August. Finally, he stated that when the responses to his pending discovery and subpoenas are complete, "we may arrange a deposition in December." The pending discovery and subpoenas are all directed at third parties, not at any named Defendants in this case. A true and correct copy is attached hereto as Exhibit 13.

15. On October 8, 2019, I filed a Request for Extension of Time to Conduct Discovery and Disclose Expert Witnesses, requesting an extension of time to take Plaintiff's deposition to the end of December 2019. (ECF No. 149.) That Request was granted on October 17, 2019. (ECF No. 151.)

16. On October 18, 2019, I emailed Plaintiff about the Court's Order extending the time to complete his deposition, and requested dates of availability in December. I also asked Plaintiff if he was able to travel to Sacramento for the deposition since he recently relocated to Pleasanton, California. A true and correct copy is attached hereto as Exhibit 14.

17. On November 1, 2019, I followed-up with another email asking Plaintiff for his availability to be deposed. A true and correct copy is attached hereto as Exhibit 15.

18. On November 19, 2019, I followed-up with another email asking Plaintiff for dates and a location for the deposition. A true and correct copy is attached hereto as Exhibit 16.

19. On November 26, 2019, I followed-up with another email suggesting six dates in December, and requesting a response no later than December 2, 2019. I indicated that if no response was received, he would unilaterally schedule the deposition for one of the six proposed dates, and schedule it for Pleasanton to accommodate Plaintiff. A true and correct copy is attached hereto as Exhibit 17.

20. On December 3, 2019, Plaintiff faxed a letter to me dated December 2, 2019. Plaintiff stated that "Your harassing emails demand a deposition date without permitting further

8

motions or completion of pending discovery is inappropriate. There is no agreement for a deposition on any of the dates sent." A true and correct copy is attached hereto as Exhibit 18.

21. I have diligently conducted discovery in this matter in order to complete discovery within the parameters set by the Court's Pretrial Scheduling Order and Order Amending the Scheduling Order. Unfortunately, I have been unable to secure Plaintiff's deposition testimony due to his unwillingness to be deposed. Plaintiff's deposition testimony is necessary in order to adequately defend the Defendants, and Defendants will be prejudiced if I do not have an opportunity to depose Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct. Dated this 4th day of December, 2019 at Sacramento, California.

*/s/ John C. Bridges*
John Bridges

SA2016301837
33866465.docx