UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, | No. 2:15cv2448 TLN-KJN PS |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| DEPARTMENT (BUREAU) OF REAL ESTATE., et al. | |
| Defendants. | |

This case concerns Plaintiff's allegations of wrongful revocation of his real estate license, as against individual employees of the Department ("Bureau") of Real Estate.[1] (See ECF No. 136 at p. 2) Defendants have moved for an order compelling Plaintiff to sit for an oral deposition, which was set for a December 19, 2019 hearing. (ECF No. 153.) Plaintiff filed a response to Defendants' Motion to Compel, and also filed a Motion to Alter or Amend a Previous Scheduling Order and a Motion for a Protective Order. (ECF Nos. 152, 154, 155.) Because these motions are inexplicably intertwined with Defendants' motion to compel, the Court will resolve them together. However, before the Court reaches the merits of these motions, it must resolve another issue. Despite Plaintiff's awareness of the December 19 hearing (ECF No. 153–2, proof of service, and No. 154, Plaintiff's opposition), he failed to appear for the hearing.

---

[1] Plaintiff represents herself in this action without the assistance of counsel; thus, this case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

This court's Local Rules are in accord. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

Plaintiff's failure to appear violates the Court's local rules. See E.D. Cal. L.R. 230(i) ("Absent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of . . . opposition to the motion, in the discretion of the Court, or may result in the

imposition of sanctions."). Thus, the Court issues this order for Plaintiff to show cause why he should not be sanctioned. This may include monetary sanctions or even dismissal of his case with prejudice for failure to prosecute and failure to comply with the local rules and court orders.[2]

Accordingly, IT IS ORDERED:

1. Within 21 days of this order, Plaintiff shall show cause in writing why sanctions should not be imposed for his failure to appear at the December 19, 2019 hearing;

2. Plaintiff's failure to file the required response shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a potential recommendation that Plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a);

3. The January 23, 2020 hearings on Plaintiff's motions for reconsideration (ECF No. 152) and motion for a protective order (ECF No. 155) are VACATED. The Court STAYS resolution of these matters until after this Order to Show Cause is resolved.

Dated: December 19, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gonz.2448

---

[2] The Court notes that Plaintiff's dilatory behavior is not new. Plaintiff has a history of improperly filing motions without noticing them for a hearing (ECF No. 147), filing substantively–frivolous motions (See ECF No. 118), and asserting that he will be filing additional briefing despite the lack of authority for doing so (See ECF No. 155, Plaintiff's 8–page memorandum requesting a protective order, where he instead unilaterally deems the filing a simple "motion [that] will be supported through a subsequently filed Memorandum of Points and Authorities[.]"). It also appears Plaintiff's suit in state court was dismissed for failure to bring the action to trial within 5 years. (See, e.g., ECF No. 93, "Plaintiff discloses, however, that the case in which the preliminary injunction was entered was dismissed for failing to bring the matter to trial within five years on November 24 2015, and an appeal of the dismissal was denied by the Third District Court of Appeal without a decision on the merits."). Thus, Plaintiff has tied up these Defendants in litigation for nearly a decade, and has yet to move this case forward with any reasonable expediency. (See ECF No. 88, setting a discovery cutoff of 6/7/18; ECF No. 136, resetting discovery cutoff for 12/18/19; ECF No. 151, extending the discovery cutoff to 12/31/19 due to Plaintiff's avoidance of a deposition; see also ECF No. 153–1, emails between Plaintiff and Defense Counsel showing Plaintiff's avoidance of what appear to be a proper attempt to depose him.) Consistent with this pattern, Plaintiff has chosen to file multiple (apparently frivolous) motions in response to Defendant's attempt to depose him, and then has deemed himself above appearing for a judicial hearing. To be clear, Plaintiff's behavior is not well taken.

3