UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE., et al.<br><br>Defendants. | No. 2:15-cv-2448-TLN-KJN PS<br><br>ORDER DISCHARGING OSC; GRANTING DEFENDANTS' MOTION TO COMPEL; DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER and MOTION TO STAY; RESETTING HEARING ON PLAINTIFF'S MOTION TO AMEND<br><br>(ECF Nos. 146, 153, 155, 158) |

This case concerns Plaintiff's allegations of wrongful revocation of his real estate license, as against individual employees of the Department ("Bureau") of Real Estate.[1] (See ECF No. 136 at p. 2.) There are four issues properly before the Court: (I) The Court's Order to Show Cause; (II) Defendants' Motion to Compel Plaintiff to Sit for an Oral Deposition and (III) Plaintiff's related Motion for a Protective Order; and (IV) Plaintiff's Motion to Alter or Amend a Previous Scheduling Order. For the reasons discussed below, the Court:

(I) DISCHARGES the Order to Show Cause and LIFTS the stay (ECF 158);
(II) GRANTS Defendants' motion to compel, ORDERS Plaintiff to sit for an oral deposition (ECF 153) and DENIES Plaintiff's motion for a protective order (ECF 155);
(III) RESETS the schedule for Plaintiff's Motion to Alter or Amend (ECF 152); and
(IV) DENIES without prejudice Plaintiff's Motion to Stay (ECF 146).

---

[1] Plaintiff represents himself in this action without the assistance of counsel; thus, this case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**Background and Procedural Posture**

Plaintiff filed his first amended complaint in April of 2016, alleging among other things a violation of his constitutional rights due to the revocation of his real estate license. (See ECF Nos. 1, 6.) Prior to this case, Plaintiff's dispute with the Bureau and related individuals wound its way through the California State Court system. (See ECF No. 6 at ¶¶ 19–112 for Plaintiff's full recounting.) Since 2015, the instant case has seen multiple rounds of dismissal motions, a narrowing of the claims, and the addition and dismissal of multiple defendants. (ECF Nos. 7, 11, 43, and 74). Currently, Plaintiff maintains claims against seven individual employees of the Bureau, for violations of his constitutional rights (42 U.S.C. § 1983 and Cal. Gov. Code § 52.1), and Falsifying a Record/Perjury (Cal. Gov. Code § 820.21). (See ECF No. 136 at p. 2.)

In December 2018, the case was reassigned to the undersigned. (ECF No. 130.) A scheduling order was issued, setting the close of fact discovery for October 18, 2019. (ECF No. 136 at p. 4.) On October 8, 2019, Defendants requested an extension, as emails showed Plaintiff had been non–responsive to Defendants' attempts to schedule Plaintiff's deposition. (ECF No. 149.) The Court granted the request, and ordered Plaintiff's deposition to be completed by the end of December of 2019. (ECF No. 151.) On December 4, Defendants filed a motion to compel, arguing Plaintiff has refused to sit for an oral deposition. (ECF No. 153.) Plaintiff offered multiple opposing arguments in his motion to alter the scheduling order (ECF No. 152), his opposition brief (ECF No. 154), and his motion for a protective order (ECF No. 155). Plaintiff failed to show for the December hearing on Defendants' motion to compel, so the Court ordered Plaintiff to Show Cause, and Plaintiff responded. (ECF No. 158, 159, 160.)

Additionally, Plaintiff has (at various points in this litigation) also attempted to renew a TRO issued by a California court against a third party concerning his eviction from his home. (ECF No. 89.) This relief was denied by this court and dismissed on interlocutory appeal. (ECF Nos. 89, 93, 118.) In August 2019, Plaintiff filed an ex parte motion—without noticing it for a hearing—to stay the case so he could file another interlocutory appeal. (ECF No. 146.) The Court instructed Plaintiff to properly notice it, which Plaintiff has not done. (ECF No. 147.)

///

**Parties' Arguments**

Defendants argue that since Plaintiff has filed claims against them concerning the revocation of his real estate license, Plaintiff's testimony is relevant to their defenses. See Federal Rule of Civil Procedure 30 ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)"). Defendants contend they attempted to confer with Plaintiff—between June and December 2019—about potential times to conduct the deposition. Defendants assert Plaintiff has simply refused to confer on timing, much less sit for the deposition. In support, Defendants submit a number of emails between Counsel and Plaintiff, as well as other documents showing Plaintiff has refused to be deposed. (ECF No. 153–1.) Defendants therefore contend that given Plaintiff's recalcitrance, they have no choice but to move for a court order to compel Plaintiff to sit for an oral deposition. See Fed. R. Civ. P. 37(a)(3)(B)(i).

In Plaintiff's recent filings, he offers a number of reasons why a deposition is improper:

– Defendants have already served over 100 discovery requests, so a deposition is unreasonable and oppressive. Because of this fact, Rule 30(d)(3)(A) requires the suspension of the deposition until an order compelling the deposition is issued;
– Plaintiff's motion to amend the previous scheduling order has not been resolved, was granted in derogation of the court's rules, and was favorable to Defendants;
– Plaintiff's motion for a protective order also has not been resolved;
– Plaintiff has no time to oppose the deposition due to asserted constitutional issues, and a motion to compel an oral deposition is an unconstitutional proceeding;
– Defendants' attempts to depose Plaintiff is rooted in fraud, and is a bad–faith attempt to relitigate an action finalized in state court;
– Other parties were either improperly dismissed from this action or not named as a party to this action, and so the fact that they are not required to attend a deposition precludes Plaintiff's deposition;
– Defendants' revocation of his license has caused severe emotional distress and so requiring Plaintiff to sit for a deposition would be unduly burdensome and oppressive.

(ECF No. 153.) In his other motions currently pending before this Court, Plaintiff offers some of the same arguments. He also asserts it was unfair to only extend discovery for Defendants without doing so for him, as he also has a need for more time to conduct discovery, renew his TRO and seek another interlocutory appeal. (ECF No. 152.) Finally, Plaintiff asserts that if a deposition is to go forward, it should be a written deposition only, as he is a traumatized person who would be intimidated in an oral deposition. (ECF No. 155.)

3

## I. The Court's Order to Show Cause and Stay of Motions

On December 4, 2019, Defendants filed a motion to compel under Local Rule 251, and set the matter for a hearing on December 19. See L.R. 251(e) ("The foregoing requirement for a Joint Statement re Discovery Disagreement shall not apply to the following situations: (1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions. In either instance, the aggrieved party may bring a motion for relief for hearing on fourteen (14) days' notice."). At the December 19 hearing, Plaintiff failed to appear. (ECF No. 157.) On December 20, the Court filed an order for Plaintiff to show cause why sanctions should not issue. (ECF No. 158.)

On January 13, 2020, Plaintiff filed a response to the OSC, as well as a declaration in support, asserting inadvertence, mistake, and excusable neglect. (ECF Nos. 159, 160.) Among other reasons, Plaintiff stated that he believed the hearing was improperly noticed, citing to Local Rule 230(c) (which requires 28–days' notice for any motion). Plaintiff also stated he believed the hearing would be continued due to his filing of a motion to alter or amend the scheduling order and motion for a protective order—each of which were set for a January 23, 2020 hearing.[2]

The Court is highly skeptical of Plaintiff's assertions of inadvertence and mistake. Defendants clearly cite to Local Rule 251(e) in their motion to compel, which would have pointed Plaintiff to the 14–day provision for certain discovery disputes. (See ECF No. 153 at p. 1.) Further, Plaintiff's assumption that the hearing would be continued is based on no statute, case, local rule or prior act of the court, and is otherwise unreasonable. See L.R. 183 (pro se litigants are bound by the Federal Rules of Civil Procedure, the Court's Local Rules, and applicable law). However, given that the Court prefers to resolve issues on the merits, and given Plaintiff's pro se status, the Court will not issue case–dispositive sanctions at this time. The order to show cause is discharged, and the stay of the pending motions is also lifted.

---

[2] Plaintiff also cites to a number of inapposite case law, statutes, court rules, in asserting his mistake. Additionally, Plaintiff addresses other matters in his OSC response, including arguments about the supremacy of the Federal Rules of Civil Procedure over the Court's Local Rules, a footnote in the OSC about Plaintiff's prior dilatory acts, and the merits of his underlying case. The Court need not resolve these issues in this order discharging the OSC, as they are irrelevant to Plaintiff's failure to appear at the December 2019 hearing.

**II.  Defendants' Motion to Compel and Plaintiff's Motion for a Protective Order**

Defendants submitted a motion to compel Plaintiff to sit for an oral deposition. (ECF No. 153.) Plaintiff submitted his written opposition on December 12, and Plaintiff submitted a reply on December 17. (ECF Nos. 154 and 155.) As the issue is fully briefed, the Court resolves the issue on the written motions without need for a hearing. See L.R. 230(g).

Federal Rule of Civil Procedure 30 provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). Rule 37 further states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i); see also Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1222 (9th Cir. 2018) ("As we have recognized, Rule 37(a) encompasses an order to attend a deposition.").

Here, the emails provided by Defendants show that Plaintiff has failed to meet and confer on setting a deposition, and failed to show for the properly scheduled deposition in August 2019. (See ECF No. 153–1 at pp. 23–31.) Instead of moving to compel the deposition at that point, Defendants further attempted to contact Plaintiff to set a date that would work for both parties. (See, generally, ECF No. 153–1.) The Court extended the deadline for Defendants to take Plaintiff's deposition, and in December 2019—after months of attempting to contact Plaintiff— Defendants suggested six dates to conduct the deposition. (Id. at p. 53.) Plaintiff faxed a response labelling Defendants' attempts as "harassing," and generally offered irrelevant reasons for why he would not agree to a deposition date. (Id. at p. 57.) Thus, an order to compel is necessary to secure Plaintiff's attendance at the deposition. Sali, 884 F.3d at 1222.

One of Plaintiff's major points of contention as to why he should not have to sit for a deposition concerns his pending motion for a protective order. (ECF No. 155.) As the parties have fully briefed issue of the protective order, (see ECF Nos. 155 and 156), the Court takes Plaintiff's motion under submission and resolves it concurrently with Defendants' motion to compel. See L.R. 230(g).

///

In his motion, Plaintiff argues that he should only be compelled to submit to a written deposition under Rule 31. Plaintiff asserts that an oral deposition would be intimidating, require him to "second–guess" the reasoning of certain state–court decisions, would violate his constitutional rights, and would be unnecessary because "Defendants can rely on the record." None of these reasons justify the granting of a protective order. The Federal Rules allow for a party to be deposed, and Defendants have yet to depose Plaintiff in this action. See Fed. R. Civ. P. 30(a). Further, Plaintiff's speculation as to the questions he anticipates Defendants asking and feelings of intimidation are not valid reasons to grant a protective order. See Lyons v. Johnson, 415 F.2d 540, 542 (9th Cir.1969) (where the deponent sought a protective order based on her Fifth Amendment right against self–incrimination, "[n]o aspect was shown to exist of unnecessary scope, improper motive or unfair manner as to the exercising of the discovery process."). The Court reminds Plaintiff that it is he who brought this case, and so he must follow the Rules of Civil Procedure in seeing it to its conclusion. See Brooks v. Hilton Casinos Inc., 959 F.2d 757, 768 (9th Cir. 1992) ("Plaintiffs who voluntarily come into court and seek economic damages must be prepared to prove their economic loss." (quoting Lyons, 415 F.2d at 542 ("The scales of justice would hardly remain equal . . . if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim."); see also Hansen v. Ryan, 2011 WL 3610748, at *1 (D. Ariz. Aug. 17, 2011) (recounting how the court found plaintiff's arguments for a protective order "on the basis that the deposition notice was untimely and [d]efendants had failed to make initial disclosures" to be insufficient). Thus, Plaintiff's motion for a protective order is denied.

Plaintiff offers a number of other reasons why the deposition should not be compelled, most of which are off the mark. Plaintiff argues he should not have to sit for a deposition because he is also moving to extend the discovery deadlines for his own purposes, because he believes the motion to compel is an "unconstitutional proceeding," and because he believes certain Defendants should not have been dismissed. However, these issues are unrelated and do not provide a basis for denying the motion to compel. See, e.g., Hansen, 2011 WL 3610748 at *1 (dismissing

opposing arguments as irrelevant to the issue at hand). Further, Plaintiff argues he has already been served "over 100 discovery requests," arguing a deposition would be oppressive. However, the Federal Rules only require leave of court to compel a deposition if Defendants had already taken more than 10 depositions, or had already deposed Plaintiff himself—neither is the case here. Fed. R. Civ. P. 30(a)(2). Plaintiff's frivolous objections to Defendants' motion to compel are overruled.

Thus, Defendants motion to compel Plaintiff to sit for a deposition is granted. Plaintiff is ordered to appear at a deposition sometime before **February 6, 2020.** The parties shall confer on a date that is agreeable to both by January 21, 2020. Plaintiff is warned that a failure to confer with Defendants, or a failure to attend the scheduled deposition, will result in serious sanctions under Rule 37(b)(2). See Sali, 884 F.3d at 1225 ("There was no justification for plaintiffs' failure to attempt to comply with the court's order. Accordingly, the court had authority under Rule 37(b)(2)(A) to "issue further just orders" in the nature of sanctions, including ordering the payment of expenses . . . . *Here, the award of defendants' deposition-related costs wasn't unjust. Rather, it was the mildest of the possible Rule 37 sanctions*.") (emphasis added).

### III. Plaintiff's Motion to Alter or Amend

On November 15, 2019, Plaintiff filed a "motion to alter or amend order," asserting that he requires more time to conduct certain discovery (ECF No. 152.) Plaintiff noticed the motion for a January 23, 2019 hearing. (Id.) However, because Plaintiff failed to show for the December 2019 hearing, the Court vacated the hearing on Plaintiff's motion, and stayed resolution of the matter until after the order to show cause was resolved. (ECF No. 158.) Now that the OSC is discharged, the proceedings on this motion may resume.

However, a review of the Court's docket shows that the issue is not fully briefed, as Defendants have yet to submit any opposition to the motion, and Plaintiff has yet to offer a reply. See L.R. 230(c). Therefore, the Court resets the hearing on Plaintiff's motion for February 13, 2020, at 10:00 A.M., in Courtroom 25. Under Local Rule 230, Defendants have until January 30 to file either an opposition or statement of non–opposition, and Plaintiff shall have until February 6 to file a reply, if any.

IV.     **Plaintiff's Ex Parte Motion to Stay**

Finally, the Court notes that Plaintiff filed an ex parte motion to stay in August of 2019. (ECF No. 146.) The Court acknowledged receipt of the motion, but noted Plaintiff's failure to properly notice it for a hearing. (See L.R. 230.) Plaintiff was directed to resubmit the motion and notice it for a hearing, but Plaintiff has failed to do so. Therefore, Plaintiff's motion is denied without prejudice.

**ORDER**

For the reasons stated above, IT IS ORDERED:

1. The Court's order to show cause (ECF No. 158) is DISCHARGED;
2. The stay of the pending motions (ECF No. 158) is LIFTED;
3. Plaintiff's motion for a protective order (ECF No. 155) is DENIED;
4. Defendants' motion to compel (ECF No. 153) is GRANTED;
5. The parties shall confer on a date— before January 21, 2020—to set for Defendants' oral deposition of Plaintiff;
6. **Plaintiff is compelled to sit for an oral deposition sometime prior to February 6, 2020**;
7. The hearing on Plaintiff's Motion to Alter or Amend (ECF No. 152) is RESET to February 13, 2020, at 10:00 A.M., with a briefing schedule as outlined in Section III above (as per Local Rule 230); and
8. Plaintiff's Ex Parte Motion to Stay (ECF No. 146) is DENIED WITHOUT PREJUDICE.

Dated: January 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gonz.2448