UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE., et al.<br><br>    Defendants. | No. 2:15-cv-2448-TLN-KJN PS<br><br>ORDER<br><br>(ECF Nos. 152, 168) |

This case concerns Plaintiff's allegations of wrongful revocation of his real estate license, as against individual employees of the Department of Real Estate. (See ECF No. 136 at p. 2.)

In November 2019, Plaintiff filed a "Motion to Alter or Amend," wherein he requested, among other things, an extension of the fact discovery deadline (which closed October 18, 2019). (See Id.; see also ECF No. 152.) The Court held a hearing on the matter on February 13, 2020. (See ECF No. 170.) The day before the February 13, 2020 hearing, Attorney William A. Wright (who recently entered his appearance for Plaintiff) filed an untimely request for more time to conduct discovery. (ECF No. 169.) At the hearing, Attorney Wright represented that he was unfamiliar with most aspects of the case, but agreed with the Court that a more–targeted request was appropriate. Defendants had no objection to this approach.

////

////

1

As discussed at the hearing, IT IS ORDERED:

1. Plaintiff's motion to alter or amend the scheduling order (ECF No. 152) is DENIED WITHOUT PREJUDICE;

2. Plaintiff is granted leave to refile—by Monday, March 2, 2020—a more-focused request to reopen fact discovery. Plaintiff shall confer with his new counsel about his sought–after requests, and shall propose reopening discovery for a limited period— only for those limited issues that have merit. Any request to reopen discovery shall also address Plaintiff's diligence in pursuing discovery, as this case concerns events that took place almost a decade ago;

3. By Wednesday, February 19, 2020, the parties shall confer on the other outstanding issue: resetting Defendants' failed deposition of Plaintiff. Defendants shall consider whether lesser sanctions for Plaintiff's actions at the February 6, 2020 deposition— including whether Plaintiff be required to pay the costs of the failed deposition. Plaintiff is warned that if he fails to participate in a rescheduled deposition, the Court will strongly consider a renewed motion by Defendants to impose more-severe sanctions—including the dismissal of this case with prejudice; and

4. Given the Court's order for Plaintiff to participate in a rescheduled deposition, Defendant's Motion for Terminating Sanctions (ECF No. 168) is DENIED WITHOUT PREJUDICE.

Dated: February 14, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, gonz.2448

2