UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT (BUREAU) OF REAL ESTATE., et al.<br><br>　　　　Defendants. | No. 2:15-cv-2448-TLN-KJN PS<br><br>ORDER VACATING LAW AND MOTION DEADLINE<br><br>(ECF No. 172) |

　　　　This case concerns Gonzalez's allegations of wrongful revocation of his real estate license, as against individual employees of the Department ("Bureau") of Real Estate. (See ECF No. 136 at p. 2.) On February 22, 2019, a pretrial scheduling order was issued, setting a deadline for law and motion of March 5, 2020. (ECF No. 136.)

　　　　On February 10, 2020, the Bureau filed a motion for terminating sanctions, arguing that Gonzalez's conduct at a February 6, 2020 deposition, as well as his dilatory conduct in the year prior in avoiding the deposition, called for dismissal with prejudice. (ECF No. 168.) On February 13, 2020, the court held a hearing on Gonzalez's motion to reopen discovery; he was represented by counsel William A. Wright at the hearing. (ECF No. 170.) At the hearing, the court discussed with the parties the possibility of resetting the deposition, as well as Gonzalez's ability to refile a properly-briefed motion to reopen discovery, and the parties agreed to this procedure. (ECF No. 171.)

1

On February 26, 2020, the Bureau filed a motion to amend the scheduling order. (ECF No. 172.) Therein, the Bureau asserted that its deposition of Gonzalez is set for March 25, 2020—after the law and motion deadline date. Thus, the Bureau requested an extension of time, to June 1, 2020, for the law and motion date. On March 3, 2020, Gonzalez filed his motion to reopen fact discovery, as discussed at the February 13 hearing, and set it for an April 16, 2020 hearing (which is not yet fully briefed). (ECF No. 174.)

The court agrees that the law and motion date cannot stand, due to the significant delays brought about by Gonzalez's failure to sit for a deposition. However, given that the Bureau has yet to depose Gonzalez, and given that Gonzalez's request to reopen discovery is not yet decided, it would be inefficient to reschedule the law and motion date at this time.[1]

As a separate matter, Gonzalez, in his motion to reopen discovery, requests the court set a status conference to clarify the scope of the Bureau's upcoming deposition. (ECF No. 174 at pp. 5-6.) Gonzalez states that the Bureau has asserted it intends to conduct "broad discovery" at this deposition, and Gonzalez expresses concern that this would go beyond what is allowed under the Federal Rules. The court cannot, however, preemptively rule on the propriety of any particular question simply because it does not know what the Bureau's questions will be. Should Gonzalez have an objection to a particular question that arises on the day of, the parties can contact the court for an informal telephonic conference to obtain a ruling—so that the deposition will not be derailed again.[2] Thus, the request for a preemptive status conference is denied.

---

[1] Additionally, now that Gonzalez is represented by counsel, the applicable local rule assigning this case to the undersigned for all matters—Local Rule 302(c)(21)—is inapplicable. Thus, any dispositive motion would either be argued in front of the assigned district judge, or—if the district judge wishes to refer the matter to the undersigned independent of Local Rule 302(c)(21), the matter would be argued before the undersigned but submitted as findings and recommendations. Without guidance from the district judge, the undersigned cannot say whether it would be appropriate to set a briefing schedule for any summary judgment motions at this time.

[2] In the motion to reopen discovery, Gonzalez also expresses concern that the Bureau intends for one of its employees (a named defendant in this case) to be present at the March 25 deposition. Gonzalez asserts that the undersigned stated at the February 13 hearing that this should not happen, given Gonzalez's conduct at the previous deposition. However, Gonzalez misunderstands the court's pronouncements. First, the court denied Gonzalez's previous motion for a protective order concerning the deposition, so no order exists barring a party's attendance at

**ORDER**

For the reasons stated above, IT IS ORDERED:

1. Defendants' request for extension of time (ECF No. 172) is GRANTED IN PART;
2. The current law and motion deadline of March 5, 2020 is VACATED; and
3. Should any issues arise at the March 25, 2020 deposition that require the court's attention, the parties may contact the undersigned by phone for a ruling.[3]

Dated: March 5, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, gonz.2448

---

the deposition. Additionally, named parties are generally permitted to attend depositions in their cases. See, e.g., ABA Civil Discovery Standards, at p. 29 ("The parties, a deponent's spouse or one other member of the deponent's immediate family, a designated representative of a party that is not a natural person, the attorney(s) including one or more legal assistants for a party or the witness and any expert retained by a party ordinarily should be permitted to attend a deposition."), available at https://www.americanbar.org/content/dam/aba/administrative/litigation/civil-discovery-standards.pdf. Instead, the court counseled that the parties confer on whether, in the interest of moving this case forward, the Bureau consider having any named party attend telephonically. In this way, the party could still participate in the deposition and be available to confer with counsel should any issues arise. However, should the Bureau's counsel decide that the party's attendance is necessary to facilitate the efficient questioning of Gonzalez, the party has a right to be present.

[3] The court will be presiding over a settlement conference that day. To make sure the deposition moves forward, the parties may call chambers with their legal issue(s), which the undersigned will rule on if he is available. However, if the court cannot immediately rule on any objection(s), the parties should be prepared to continue with other portions of the deposition (and can return to any set of question(s) when the court returns the call—if plaintiff's objections are overruled).

3