UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>KYLE THOMAS JONES., et al.<br><br>   Defendants. | No. 2:15-cv-2448-TLN-KJN<br><br>ORDER<br><br>(ECF No. 174) |

  This case concerns plaintiff's allegations of wrongful revocation of his real estate license, as against individual employees of the Department ("Bureau") of Real Estate. (See ECF No. 136 at 2.) After five years of litigation in this court, and a decade of parallel litigation in state court, plaintiff requested an additional 150 days to conduct fact-based discovery. (See ECF No. 174.) The operative scheduling order set the non-expert discovery deadline for October 18, 2019. (See ECF No. 136.) Defendants oppose, arguing that, among other reasons, plaintiff has failed to diligently pursue his case. (ECF No. 176.)

  For the reasons that follow, plaintiff's motion to reopen discovery is denied.[1]

///

---

[1] As to defendants' request to reset the dispositive-motion deadline (ECF No. 172), this issue must be taken up with the assigned district judge. See Local Rule 302(c)(21) ("Actions initially assigned to a Magistrate Judge under this paragraph shall be referred back to the assigned Judge if a party appearing in propria persona is later represented by an attorney . . . .").

1

**Legal Standard**

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (citations omitted). Rule 16 requires "a magistrate judge when authorized by local rule [to] issue a scheduling order after receiving the parties' report under Rule 26(f); or after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P. 16(b)(1)(A-B). The Rule also states "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment—that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Relevant inquiries into diligence include: (1) whether the movant was diligent in helping the court to create a workable Rule 16 order, (2) whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment, and (3) whether the movant was diligent in seeking amendment once the need to amend became apparent." See United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018). Additionally, the Ninth Circuit has noted:

> [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

Mammoth Recreations, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 notes to 1983 amendment)); see also 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.) ("[N]eglect or inadvertence will not constitute good cause supporting modification."). Thus, if the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002); see also Rodriguez v. Beard, 2016 WL 6393755, at *1 (E.D. Cal. Oct. 28, 2016) ("The Court has wide discretion to extend time, provided a party demonstrates some justification for the issuance of the enlargement order.") (citations omitted).

**Analysis**

Plaintiff states he wishes to depose the individual state defendants, to inquire into their rationale for revoking his real estate license in 2010. He states this line of questioning is relevant to the narrow legal issue of whether Bureau had jurisdiction to revoke his license—arguing that a revocation based on fraud is void in abnitio. (See ECF No. 174 at Section B.) Plaintiff requests 150 days to conduct this additional discovery, and states he attempted to confer with defendants on this extension but they were "unwilling to narrow[ the] issues." (Id. at Section C.)

Defendants do not deny their opposition to reopening discovery, contending the issues plaintiff wishes to litigate are legal, not factual, and any attempt to relitigate his license revocation is barred by Rooker-Feldman. (See ECF No. 176 at pp. 3-4.) Primarily, though, defendants argue that plaintiff has failed to show he diligently pursued discovery prior to the deadline, and so his request to reopen discovery should be denied on that basis. (See Id.) The court focuses on this latter argument, finding it dispositive. Zivkovic, 302 F.3d at 1087 ("If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end . . . .").

On diligence, plaintiff offers a half-page argument: the court has the authority to extend deadlines, plaintiff has been diligent in responding to defendants' discovery requests, now that plaintiff has obtained counsel, this discovery can be easily obtained. (ECF No. 174 at Section A.) But this argument misses the mark. The court agrees that competent counsel could depose defendants in the proposed timeline, and is generally heartened that plaintiff has obtained counsel. However, plaintiff offers no explanation as to why he did not attempt to depose these defendants at any point in this case. Thus, the court finds plaintiff has failed to meet his burden to demonstrate diligence. See Lumens Co. v. GoEco LED LLC, 2016 WL 11185326, at *2 (C.D. Cal. June 2, 2016) ("The party seeking to modify the deadlines in a case management order bears the burden of establishing good cause.") (citing Zivkovic, 302 F.3d at 1087); see also, e.g., Parapluie, Inc. v. Mills, 555 F. App'x 679, 683 (9th Cir. 2014) (plaintiff's failure to provide any explanation why it did not act sooner was sufficient to support district court's denial of amendment to scheduling order).

///

Additionally, a review of the record demonstrates that plaintiff had ample time to conduct these depositions, but instead appears to have carelessly squandered the time he was granted to seek discovery. In August of 2017, Magistrate Judge Hollows issued a scheduling order, setting fact-discovery deadline at June 2018 (three months longer than what plaintiff requested).[2] (Cf. ECF Nos. 81 and 88.) The next nine months found plaintiff attempting to litigate a TRO—which was denied (ECF Nos. 89, 93, 94, 95), an interlocutory appeal with the Ninth Circuit—which was dismissed due to lack of jurisdiction (ECF Nos. 99, 118), and a motion to admit a prior deposition—which was denied without prejudice (ECF Nos. 104, 117). It does not appear plaintiff attempted to depose any of the defendants at any point during these nine months. See, e.g., Blundell v. Cty. of Los Angeles, 467 F. App'x 595, 597 (9th Cir. 2012) (failing to conduct discovery equated to carelessness, did not demonstrate diligence).

In May of 2018, after the Ninth Circuit handed down its mandate in the interlocutory appeal, the assigned district judge vacated all discovery dates and ordered the parties to submit new dates in a joint statement. Instead, over the next few months, plaintiff filed: a motion to set aside; another motion to admit depositions; and a notice. (ECF Nos. 123, 124, 125, 126.) These motions were not properly noticed before the magistrate judge, and so were denied. See Local Rule 302. The court informed plaintiff where to file these motions, but plaintiff filed nothing with the court for almost six months. Further, during this time, plaintiff was apparently non-

---

[2] Substantial litigation occurred prior to this, and so the court provides this additional background. This case concerns events that began in 2009, and plaintiff's prior filings indicate he litigated similar issues in state court between then and 2016. See, e.g., Gonzalez v. Bell, 2014 WL 787356 (Cal. App. 3d 2014) (affirming plaintiff's appeal of a writ denial concerning plaintiff's real-estate license, and noting "DRE had fundamental jurisdiction to investigate Gonzalez on the basis of Stepanyan's complaint and to revoke his real estate broker's license based on the misconduct alleged in the accusation.").

In November of 2015, plaintiff filed the instant action with this court, amended his complaint in April 2016, and was granted leave to proceed in forma pauperis and to serve defendants in July 2016. (ECF Nos. 1, 6, 11.) The state defendants entered their appearances and filed a motion to dismiss in November 2016. (ECF No. 30.) These motions were resolved in March 2017, and shortly after, these defendants filed their answer. (ECF Nos. 43, 46, 47.) Between March and August 2017, the parties sparred over other issues, including defendant Stepanyan's motion to dismiss—which was granted, and plaintiff's motions to strike, to amend the complaint, and for Magistrate Judge Hollows to recuse—which were mostly denied. (See ECF Nos. 48, 50, 51, 55, 74, 83, and 87.)

responsive to queries from defense counsel. (See ECF No. 127, defendants' "joint status report," wherein defendants state plaintiff was non-responsive.) Thus, it appears plaintiff all but abandoned his case during the latter half of 2018. Mammoth Recreations, 975 F.2d at 609 ("Failing to heed clear and repeated signals [from the court and parties] does not constitute diligence."); Wasatch Advantage Grp., LLC, 327 F.R.D. at 404 (participation in the creation of a workable Rule 16 order considered for diligence).

After the case was reassigned to the undersigned in late 2018 (due to the retirement of Magistrate Judge Hollows), a new scheduling order was entered. (See ECF No. 136.) This order, filed February 22, 2019, set the close of fact-discovery for October 18, 2019 (a month longer than what plaintiff sought), and ordered all discovery completed by January 2020. (Cf. ECF No. 134 and 136.) During this period, the undersigned held an informal telephonic discovery conference in March regarding the number of interrogatories plaintiff could propound on defendants. (ECF No. 140.) Beyond that issue, it does not appear plaintiff attempted to conduct any discovery—including depositions of the state defendants—at any point. In fact, the court's record demonstrates that instead, plaintiff was primarily concerned with renewing a TRO rather than pursuing fact-discovery, even though the clock was ticking. (ECF No. 146.) Further—and contrary to plaintiff's averments that he "diligently responded" to defendants' discovery requests—the record indicates plaintiff spent the latter portion of 2019 avoiding defendants' attempts to depose him (via motions that were largely frivolous). (See ECF Nos. 149, 151, 153, 154, 159, 161.) In sum, plaintiff had an additional opportunity between February and October 2019 to seek these depositions, but apparently made no effort to do so. This carelessness further supports a denial of plaintiff's motion to extend the deadlines. Mammoth Recreations, 975 F.2d at 609; see also, e.g., Blundell, 467 F. App'x at 597 (failing to conduct discovery equated to carelessness, did not demonstrate diligence).

The first time plaintiff informed the court he wanted more time to depose plaintiffs was in his November 2019 "Motion to Alter or Amend," set for a January 2020 hearing. (See ECF No. 152.) However, he provided no information in his filing about his previous attempts to depose these defendants (much less any attempt to ready a motion to compel)—and current counsel for

5

plaintiff made no such argument in the instant motion. (See ECF No. 174.) This absence of argument further supports a finding that plaintiff failed to meet his burden to show good cause. See Zivkovic, 302 F.3d at 1087; see also, e.g., Krohne Fund, LP v. Simonsen, 681 F. App'x 635, 638 (9th Cir. 2017) (waiting until the end of the discovery period to raise issues with the court "does not demonstrate diligence."); Shane v. Bunzl Distribution USA, Inc., 275 F. App'x 535, 537 (6th Cir. 2008) (failing to raise issues with the court until after the court has ruled and after expiration of the deadline was careless, which "is not compatible with a finding of diligence and offers no reason for a grant of relief[.]"); Long v. California Dep't of Corr., 2006 WL 8458727, at *2 (E.D. Cal. Feb. 2, 2006) (waiting until discovery closed to send notice of deposition demonstrated lack of diligence).

Finally, the court sees other evidence in the record supporting a finding that there were no reasonable barriers impeding plaintiff from deposing these defendants during either discovery period (between August 2017 and June 2018, or between February and October 2019). Throughout the life of this case, plaintiff filed multiple motions, objections, requests, and other filings, demonstrating he was actively pursuing certain aspects of this case. (See, e.g., ECF No. 15) (a motion to take early discovery of his former counsel); (ECF No. 16) (a motion to stay certain proceedings in state court; (ECF No. 25) (partial objections to findings and recommendations). Up until recently, plaintiff represented himself, and was able to oppose all motions brought by defendants—again, with some success. (See, e.g., ECF No. 9) (plaintiff's objections to the findings and recommendations, persuading the magistrate judge to vacate recommendation of dismissal); (ECF No. 39) (plaintiff's opposition to defendants' motions to dismiss—motions that were partially denied). It also appears plaintiff is generally familiar with the deposition process, as evidenced by his February 2018 motion to admit a prior deposition. (See ECF No. 104) (detailing plaintiff's prior deposition of the main opposition in the original 2009 state court case). Plaintiff is certainly within his right to file motions he believes are meritorious (under Rule 11), and the court makes no comment on the substance of these motions and rulings as part of this diligence inquiry. Rather, the undersigned finds these actions illustrative of plaintiff's ability to pursue his claims, use the discovery tools available to him, and

seek guidance from the court when needed.  Plaintiff's inaction in attempting these depositions further supports a finding of carelessness and lack of diligence.  See, e.g., Nunez v. Porter, 2016 WL 5404363, at *3 (E.D. Cal. Sept. 27, 2016) (plaintiff's understanding of the discovery process and choice not to pursue discovery demonstrated lack of diligence and good cause).

"[A scheduling order] is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded [] without peril." Mammoth Recreations, 975 F.2d at 610.  Plaintiff's carelessness and lack of due diligence necessitates a finding that good cause to extend the discovery deadline in this case is wholly absent.  Id.; see also, e.g., Hussain v. Nicholson, 435 F.3d 359, 367 (D.C. Cir. 2006, Rogers, J., concurring) (conducting no discovery and filing request to reopen was careless neglect); Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (indifference in failing keep court informed of any difficulties precluded good cause finding due to litigants' carelessness).  Thus, his request to reopen discovery is denied.

## **ORDER**

Accordingly, IT IS ORDERED:

1. Plaintiff's motion to reopen discovery (ECF No. 174) is DENIED; and
2. Due to plaintiff's retention of counsel, this case is referred back to the assigned district judge for further scheduling (See Local Rule 302(c)(21)).

Dated: April 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gonz.2448

7