WILLIAM A. WRIGHT, State Bar No. 75236
11842 Opal Ridge Way
Rancho Cordova, CA 95742
Telephone: (916) 380-1974
E-mail: armand4137@gmail.com
*Attorney for Plaintiff*
*Daniel Gonzalez*

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7529
Fax: (916) 322-8288
E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants*
*Kyle Jones, Tricia Sommers, Truly Sughrue, Jeff Davi, Wayne Bell, William Moran, and John Van Driel*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DANIEL E. GONZALEZ,**<br><br>                    Plaintiff,<br><br>    v.<br><br>**DEPARTMENT (BUREAU) OF REAL ESTATE, et al.,**<br><br>                    Defendants. | 2:15-cv-2448 TLN GGH PS<br><br>**UPDATED JOINT STATUS REPORT**<br><br>Judge:     Honorable Troy L. Nunley |

TO THE HONORABLE TROY L. NUNLEY:

   The parties hereby jointly submit an updated Report per this Court's Order of April 14, 2020 (ECF 180), as follows:

## I. PLAINTIFF'S FACTUAL CONTENTIONS

Plaintiff contends that California Bureau of Real Estate ("BRE") officials and employees engaged in illegal and fraudulent conduct in violation of the U.S. Constitution and federal acts by deliberately concealing a final state civil judgment and other exculpatory evidence favorable to Plaintiff, "without legal excuse."   Plaintiff has admissible evidence that private party defendants Narine Stepanyan, HSBC Bank USA NA, JPMorgan Chase Bank NA, Amy Peters, Ovidiu Tira, Maria Tira, Pinpoint LLC, certain California superior court judges, certain California appellate court justices, former attorney general Kamala Harris, former deputy attorney general Jane O'Donnell, assistant U.S. attorney general Gregory Broderick, assistant U.S. attorney general Kelli Taylor, and the Department of Veterans Administration, all used "self-help" advocating for and/or aiding the State Defendants retaliation, discrimination, oppression, and unlawful conduct in revoking Plaintiff's real estate license without subject matter jurisdiction.   Deposition excerpts from Stepanyan obtained in December 2015 include testimony that Stepanyan secretly met with State Investigator Defendant Kyle Jones on June 15, 2010, she told Jones of having been to trial and knowing a civil judgment issued-- which Jones and Stepanyan deliberately agreed to withhold and conceal from Jones' investigative memorandum written that same day.  That Defendants Sommers, Moran, and departmental attorneys Sughrue, Van Driel, and Bell all agreed to withhold and conceal the exculpatory civil judgment from the BRE accusation drafted on September 29, 2010.   The Defendants Van Driel, Bell, and Davi proceeded to revoke Plaintiff's license while the exculpatory civil judgment was withheld and concealed from the revocation administrative record.   That the BRE, California superior court judge Michael Kenny, and California appellate justices disregarded with deliberate indifference that the unlawful and fraudulent acts of the BRE Defendants.  That the State court judge, Michael Kenny, and justices Kathleen Butz, Mauro, and Robie unconstitutionally ignored the Full Faith and Credit Act, collateral estoppel, and res judicata doctrines of the 2010 final civil judgment.  That Stepanyan admitted in December 2015 the 2010 final civil judgment represents her claims of broker fraud, directly contradicting the Third Appellate decision C070099.   There are grave consequences which resulted from the BRE discrimination, illegality, and retaliation shown through other

deposition transcripts and state court decisions from various state court proceedings. Commencing on June 15, 2010, the State Defendants and other State actors designed, carried out, and have maintained an unconstitutional, illegal, and fraudulent plan while with full knowledge Plaintiff was entirely innocent by a prior California trial court final civil judgment on the same subject matter concerning the same parties.   Plaintiff claims the BRE administrative and state court proceedings pre- and post-revocation are voidable under the U.S. Constitution in violation of the Separation of Powers and Full Faith and Credit Acts.  Because the BRE has never rectified the illegal, discriminatory, oppressive, and retaliatory misconduct of its former officials and employees, these actions are continuing and accruing during these proceedings, and through separate but related retaliatory real estate scheme by Chase, HSBC, Stepanyan, Ovidiu I. Tira, Maria Tira, and Pinpoint LLC.   New and different facts, events, and circumstances establish that the illegal and fraudulent schemes by the BRE Defendants commencing on June 15, 2010, led to fraud on this Court by Stepanyan and her defense counsel, Sean Gavin. (Doc. 64, page 1-4, at ¶¶ 1, 2, and 3; and exhibit A.)

## II.   DEFENDANTS' FACTUAL CONTENTIONS

Defendants deny that they made any false accusations against Plaintiff or that they conspired with each other, as is also alleged by Plaintiff, to cause Plaintiff's real estate broker to be revoked.  Defendants contend that Plaintiff's license revocation was legitimate and was not done in bad faith.

## III.   PLAINTIFF'S LEGAL CONTENTIONS

Plaintiff alleges that the unlawful administrative proceedings violated his First, Fourth, Fifth, Ninth, and Fourteenth Amendments as Defendants falsified records, obstructed justice, and committed perjury. Plaintiff contends that none of the Defendants are immune because no government act can be done in violation of the law it is sworn to abide under the Supremacy Clause.  Nor are the Defendants immune for taking a license by double-jeopardy government action. *Benton v. Maryland*, 395 US 784, 796. Additionally, Plaintiff will move to make a claim under Gov. Code $ 815.6, *Morris v. County of Marin,* [18 Cal. 3d 904 ("Government Code section 815.6 a public entity is liable for an injury proximately caused by its failure to discharge a

mandatory duty designed to protect against the risk of a particular kind of injury"). Plaintiff alleges that each State Defendants has a mandatory duty to abide by the Constitution but that the BRE Defendants acted with purposeful discrimination violating the Equal Protection Clause in a putative manner. *Jones v. Flowers*, 547 U.S. 220 (2006)   No qualified immunity protects the BRE Defendants because (1) the law was clearly established before June 15, 2010; and (2) the BRE Defendants knowingly and intentionally acted illegally, fraudulent, and with malice for a discriminatory purpose with complete disregard of the truth or foreseeable harm to Plaintiff while he was disabled.Gov. Code, § 810.6; Gov. Code, § 811.6.  Plaintiff contends Defendants' reliance on *Romano v. Bible* 169 F.3d 1182 (9th Cir. 1999) is inapplicable, misplaced, and does not excuse or permit illegal and fraudulent government misconduct.

### IV.  DEFENDANT'S LEGAL CONTENTIONS

Defendants contend that they did not engage in any conspiracy to revoke Plaintiff's real estate broker's license and that his license was not revoked with an illegitimate and evil motive. Defendants further contend that they are immune from suit under the licensing immunity statute of Gov. Code §§ 818.4 and 821.2, with respect to Plaintiff's state causes of action, and under qualified immunity and *Romano v. Bible* 169 F.3d 1182 (9th Cir. 1999), with respect to Plaintiff's federal causes of action.

### V.  AMENDMENT OF PLEADINGS
N/A.

### VI.  DEADLINE TO AMEND PLEADINGS
N/A.

### VII.  SUMMARY DETAILING CONTESTED FACTS
The following facts are uncontested:
   A) Plaintiff's real estate broker's license revoked by the Bureau of Real Estate is the result of illegal, fraudulent, discriminatory, and retaliatory investigative and prosecutorial misconduct.
   B) State and private defendants are jointly and severally liable for all consequential damages, losses, and harms.

  C) Deposition testimony by Defendant Narine Stepanyan establishes that the State Defendants had full knowledge of the civil judgment as of June 15, 2010, prior to commencing and maintaining their conspiracy of illegal, fraudulent, discriminatory, and retaliatory investigative and prosecutorial misconduct.

All other facts alleged by Plaintiff are contested by Defendants.

**VIII. PLAINTIFF'S SUMMARY OF LEGAL ISSUES**

  A) Whether Defendants have a constitutional duty to preserve judicial integrity and act lawfully within the Administrative Procedures Act;

  B) Whether Defendants are subject to criminal prosecution for obstruction of justice using a fraudulent administrative investigation and prosecution;

  C) Whether the Bureau of Real Estate acted without subject matter jurisdiction in violation of the Administrative Procedures Acts;

  D) Whether the Bureau of Real Estate, Sacramento Superior Court, Third District Court of Appeals, and California Supreme Court violated the Full Faith and Credit Act and Equal Protection Clause through purposeful discrimination;

  E) Whether the Sacramento Superior Court and Third District Court of Appeals violated the Equal Protection Clause by statutory interpretation using purposefully discrimination;

  F) Whether Plaintiff is entitled to retrospective and prospective injunctive relief based on discovery of extrinsic fraud on December 20, 2015, voiding all California government actions and proceedings after June 15, 2010;

  G) Whether Plaintiff's constitutional rights were violated by Defendants' actions;

  H) Whether qualified immunity applies when the law was clearly established before June 15, 2010; and,

  I) Nature and extent of Plaintiff's damages.

**IX. DEFENDANTS' SUMMARY OF LEGAL ISSUES**

Defendants contend that they did not engage in any conspiracy to revoke Plaintiff's real estate broker's license and that his license was not revoked with an illegitimate and evil motive.

Defendants further contend that they are immune from suit under the licensing immunity statute of Gov. Code §§ 818.4 and 821.2, with respect to Plaintiff's state causes of action, and under qualified immunity and *Romano v. Bible* 169 F.3d 1182 (9th Cir. 1999), with respect to Plaintiff's federal causes of action. The legal issues to be adjudicated are:

      A)  Whether Plaintiff's constitutional rights were violated by Defendants' actions;

      B)  Whether Defendants violated the Bane Act;

      C)  Whether Defendants are entitled to immunity; and

      D)  Nature and extent of Plaintiff's damages.

## X. MOTIONS BEFORE THE COURT

Defendants have filed a Request for Extension of Time to complete plaintiff's deposition and to extend the time to file dispositive motions. Defendants plan on filing a motion for summary judgment at the conclusion of discovery.

## XI. DEFENDANTS' DISCOVERY PLAN

Defendants intend to complete the oral deposition of Plaintiff and designate expert witnesses as warranted on various topics, to include economic damages, psychological damages, and experts responsive to experts designated by Plaintiff.

All other discovery has closed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**XII. JURY TRIAL**

All parties request a jury trial. The parties estimate the length of a trial to be 5 to 7 days.

Dated: May 13, 2020                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ John C. Bridges*

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants*
*Kyle Jones, Tricia Sommers, Truly Sughrue, Jeff Davi, Wayne Bell, William Moran, and John Van Driel*

Dated: May 13, 2020                    Respectfully submitted,

*/s/ William A. Wright*

WILLIAM A. WRIGHT
*Attorney for Plaintiff*
*Daniel Gonzalez*

7

Updated Joint Status Report (2:15-cv-2448 TLN GGH PS)