1   XAVIER BECERRA, State Bar No. 118517
    Attorney General of California
2   CATHERINE WOODBRIDGE, State Bar No. 186186
    Supervising Deputy Attorney General
3   JOHN C. BRIDGES, State Bar No. 248553
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone: (916) 210-7529
6     Fax: (916) 322-8288
      E-mail: John.Bridges@doj.ca.gov
7   *Attorneys for Defendants Kyle Jones, Tricia*
    *Sommers, Truly Sughrue, Jeff Davi, Wayne Bell,*
8   *William Moran. and John VanDriel*

9              IN THE UNITED STATES DISTRICT COURT

10         IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13

14  **DANIEL E. GONZALEZ,**                Case No.: 2:15-cv-2448 TLN KJN PS

15                          Plaintiff,    **DEFENDANTS' REPLY TO**
                                          **PLAINTIFF'S PARTIAL OPPOSITION**
16        v.                              **TO MOTION FOR TERMINATING**
                                          **SANCTIONS; DECLARATION OF JOHN**
17  **DEPARTMENT (BUREAU) OF REAL**        **BRIDGES IN SUPPORT OF MOTION**
    **ESTATE, et al.,**
18                                        Hearing Date: January 28, 2021
                            Defendants.   Time:         10:00 a.m.
19                                        Location:     Department 25
                                          Judge:        Honorable Kendall J. Newman
20

21        Defendants Jones, Sommers, Sughrue, Davi, Bell, Moran, and VanDriel hereby submit this

22  Reply to Plaintiff's Partial Opposition to their Motion for Terminating Sanctions filed on

23  September 9, 2020. Due to the plaintiff's continued unwillingness to provide meaningful,

24  substantive testimony, and thereby prosecute his case, this matter should be dismissed.

25  **I.    STATUS OF PLAINTIFF'S DEPOSITION**

26        Since September 9, 2020, when this motion was filed, the parties continued to engage in

27  informal attempts to resolve the dispute regarding plaintiff's deposition. On October 22, 2020,

28  plaintiff emailed a letter to defense counsel proposing November 8 or November 9, 2020, for the

                                        1

1    continuation of his deposition. He stated, "[t]he format and medium must be agreed to mutually.
2    I will require the location be within 5 miles of the Pleasanton area."

3        Defense counsel responded on October 22, 2020, stating that the 9th of November could
4    potentially work, and asked plaintiff to identify his demands in terms of format and medium.
5    Plaintiff responded on October 27, 2020, stating that he preferred a video setting without personal
6    contact, and that the deposition only involve him and defense counsel with no other parties
7    present. Defense counsel responded on October 28 and October 29, agreeing to conduct the
8    deposition on November 9, 2020, at a location within 5 miles of plaintiff's home address, via
9    remote means, and without any other participants or attendees beyond the plaintiff, defense
10   counsel, and the court reporter. The Fourth Notice of Deposition with those terms was served on
11   October 29, 2020.

12       Plaintiff appeared for his deposition on November 9, 2020. He was approximately 30
13   minutes late, and began the deposition by indicating that he had to leave in two hours for a pre-
14   operative medical appointment. At the conclusion of the two hour deposition, which was not
15   completed, plaintiff stated, "And I want to make sure we get back to this. Okay? I am coming
16   back. I would like to know when you want to try and do it. My post-operative is going at least
17   until the first week of December."

18       On December 28, 2020, plaintiff emailed a letter to defense counsel stating that he "should
19   be capable of arranging completion of the deposition after recovery of basic reading capacity on
20   or after January 12, 2020...the format and medium must be agreed to mutually. I will require the
21   location be within 5 miles of the Pleasanton area."

22       Defense counsel responded on December 28, 2020, indicating that he intended to take next
23   Monday's hearing off calendar, and to withdraw the motion for terminating sanctions due to
24   plaintiff's willingness to complete his deposition. Defense counsel had mistakenly calendared the
25   hearing on the motion for terminating sanctions for January 4, 2021. Nevertheless, defense
26   counsel also agreed to use the same protocols for the deposition as had been used at the
27   November deposition.

28   ///

2

1    Realizing the calendar error, defense counsel emailed plaintiff on December 29, 2020,

2  stating that he intended to keep the motion on the Court's calendar in the event that the deposition

3  was not completed.  Defense counsel stated, "If you appear for the deposition, provide

4  meaningful testimony, and if we complete the deposition as planned, I will take the motion off

5  calendar."

6    The Fifth Notice of Deposition was served via U.S. Mail to plaintiff's home address on

7  January 6, 2021, scheduling the deposition for January 14, 2021 in compliance with the plaintiff's

8  claim that he would be available "on or after January 12."

9    On January 10, 2021, defense counsel emailed a copy of the Fifth Notice of Deposition to

10  plaintiff to ensure that he received it.

11    On January 13, 2021, less than 24 hours before his deposition was scheduled to begin,

12  plaintiff emailed defense counsel stating, "No notice by mail has been received to date.  This is

13  objected to as violating federal rules and improper, among other reasons to put in the record."

14  Defense counsel responded to inquire whether plaintiff intended to give **meaning**(meaningful)

15  testimony or simply object and leave, in order to avoid the cost of a court reporter if plaintiff had

16  no intention of testifying.  Plaintiff never responded.

17    On January 14, 2021, plaintiff appeared for his deposition.  He was 15 minutes late.  He

18  stated that he was unwilling to provide deposition testimony, had filed a motion seeking a

19  protective order to prevent any further deposition from going forward, and that he was in the

20  process of retaining another attorney to represent him.  The deposition was adjourned without any

21  substantive testimony provided by plaintiff.[1]

22  **II.    CONCLUSION**

23    Plaintiff has repeatedly refused to be deposed or answer any questions about the factual

24  basis for his claims.  He failed to appear for his first deposition, refused to meet and confer with

25  defense counsel regarding his availability for a subsequent deposition, and refused to be deposed

26  at the February 6, 2020 deposition.  He then resumed his practice of refusing to meet and confer

27  

28  [1] The transcript of this appearance is not yet available, but will be provided to the Court when received from the court reporter.

3

1  regarding his availability for the continued deposition, and unequivocally stated that he "will not

2  appear at your deposition on September 15." He eventually agreed to give deposition testimony,

3  only to leave early due to a purported medical appointment, and then again refused to give any

4  testimony on January 14, 2021.

5  Plaintiff has not demonstrated any intention of following the proper rules and procedure for

6  litigation, despite repeated warnings from this Court. He consistently comes up with some excuse

7  for delaying and obstructing the Defendants' opportunity to conduct discovery, whether it be a

8  change in counsel, a sudden medical issue, or a physical move to a new address requiring some

9  postponement of proceedings. Nevertheless, whether he has counsel or is self-represented, and

10  whether he has a medical issue or not, he consistently fails to move this case forward. The events

11  giving rise to his complaint took place in 2009 and 2010, and Defendants have been trying to take

12  his deposition since August of 2019. Plaintiff claimed in November of 2020 that he fully intends

13  to cooperate and participate in a deposition if the Defendants will take this motion off-calendar.

14  By January of 2021 he again refused to testify, claims to be seeking another lawyer, and has filed

15  a motion for a protective order to prevent the deposition from going forward. (See ECF No. 211.)

16  This litigation is going in circles.

17  Plaintiff's deposition testimony is relevant and necessary for Defendants to prepare a

18  defense, but obtaining meaningful deposition testimony is impossible. On February 14, 2020,

19  this Court has unequivocally warned Plaintiff against failing to participate in a rescheduled

20  deposition, including the dismissal of the case with prejudice. (ECF No. 171.) Nearly one year

21  has passed since that Order, and Plaintiff is still refusing to comply.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

As a result, Defendants respectfully request that the Court dismiss this matter with prejudice for Plaintiff's failure to prosecute and/or follow the Court's orders.

Dated: January 20, 2021                              Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ John C. Bridges*

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants Kyle Jones,
Tricia Sommers, Truly Sughrue, Jeff
Davi, Wayne Bell, William Moran, and
John VanDriel*

## DECLARATION OF JOHN BRIDGES IN SUPPORT OF MOTION TO COMPEL

I, John Bridges, declare:

1.    I am a Deputy Attorney General with the California Department of Justice, attorneys for Defendants Jones, Sommers, Sughrue, Davi, Bell, Moran, and VanDriel.

2.    On October 22, 2020, I received a letter from plaintiff proposing November 8 or November 9, 2020, for the continuation of his deposition. He stated, "[t]he format and medium must be agreed to mutually. I will require the location be within 5 miles of the Pleasanton area." I responded on October 22, 2020, stating that the 9th of November could potentially work, and asked plaintiff to identify his demands in terms of format and medium. Plaintiff responded on October 27, 2020, stating that he preferred a video setting without personal contact, and that the deposition only involve him and defense counsel with no other parties present. Defense counsel responded on October 28 and October 29, agreeing to conduct the deposition on November 9, 2020, at a location within 5 miles of plaintiff's home address, via remote means, and without any other participants or attendees beyond the plaintiff, defense counsel, and the court reporter. A true and correct copy of these emails is attached hereto as Exhibit A.

3.    The Fourth Notice of Deposition was served on October 29, 2020. A true and correct copy of the Notice is attached hereto as Exhibit B.

5

1     4.  Plaintiff appeared for his deposition on November 9, 2020. He was approximately 30

2 minutes late, and began the deposition by indicating that he had to leave in two hours for a pre-

3 operative medical appointment. At the conclusion of the two hour deposition, which was not

4 completed, plaintiff stated, "And I want to make sure we get back to this. Okay? I am coming

5 back. I would like to know when you want to try and do it. My post-operative is going at least

6 until the first week of December." A true and correct copy of the relevant portions of the

7 deposition transcript are attached hereto as Exhibit C.

8     5.  On December 28, 2020, plaintiff sent me a letter stating that he "should be capable of

9 arranging completion of the deposition after recovery of basic reading capacity on or after

10 January 12, 2020...the format and medium must be agreed to mutually. I will require the location

11 be within 5 miles of the Pleasanton area." I responded on December 28, 2020, indicating that I

12 intended to take next Monday's hearing off calendar, and to withdraw the motion for terminating

13 sanctions due to plaintiff's willingness to complete his deposition. I had mistakenly calendared

14 the hearing on the motion for terminating sanctions for January 4, 2021. Nevertheless, I also

15 agreed to use the same protocols for the deposition as had been used at the November deposition.

16 Upon realizing my calendar error, I emailed plaintiff on December 29, 2020, stating that I

17 intended to keep the motion on the Court's calendar in the event that the deposition was not

18 completed. I wrote, "If you appear for the deposition, provide meaningful testimony, and if we

19 complete the deposition as planned, I will take the motion off calendar." A true and correct copy

20 of those emails is attached hereto as Exhibit D.

21     6.  The Fifth Notice of Deposition was served via U.S. Mail to plaintiff's home address

22 on January 6, 2021, scheduling the deposition for January 14, 2021 in compliance with the

23 plaintiff's claim that he would be available "on or after January 12." A true and correct copy of

24 the Notice is attached hereto as Exhibit E.

25     7.  On January 10, 2021, I emailed a copy of the Fifth Notice of Deposition to plaintiff to

26 ensure that he received it. On January 13, 2021, less than 24 hours before his deposition was

27 scheduled to begin, plaintiff emailed me stating, "No notice by mail has been received to date.

28 This is objected to as violating federal rules and improper, among other reasons to put in the

6

1  record." I responded to inquire whether plaintiff intended to give meaning testimony or simply

2  object and leave, in order to avoid the cost of a court reporter if plaintiff had no intention of

3  testifying. Plaintiff never responded. A true and correct copy of these emails is attached hereto

4  as Exhibit F.

5      8.    On January 14, 2021, plaintiff appeared for his deposition. He was 15 minutes late.

6  He stated that he was unwilling to provide deposition testimony, had filed a motion seeking a

7  protective order to prevent any further deposition from going forward, and that he was in the

8  process of retaining another attorney to represent him. The deposition was adjourned without any

9  substantive testimony provided by plaintiff.

10      I declare under penalty of perjury that the foregoing is true and correct. Dated this

11  20th day of January, 2021, at Sacramento, California.

12                        */s/ John C. Bridges*

13                        John Bridges

14

15

16

17

18

19

20

21

22

23  SA2016301837
    34752153.pdf

24

25

26

27

28

                           7

# EXHIBIT A

Daniel Gonzalez                                               Via Fax/Email
P.O. Box 847
Pleasanton CA 94566
916-247-6886


                              October 22, 2020


Mr. John C. Bridges, DAG
Office of California Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550

Re: Deposition Availability Dates
        Eastern District CA, No. 2:15-cv-02448; Gonzalez vs. BRE, Bell, Davi, et al


Mr. Bridges:

This is to inform you that I am currently available to arrange a continuation to the
deposition for November 8, or November 9, 2020.  I have another surgery pending and
these are the only dates available before pre-surgery commences.

The format and medium must be agreed to mutually.  I will require the location be within
5 miles of the Pleasanton area.

/s/ Daniel Gonzalez
Daniel E. Gonzalez


                                    1

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Thursday, October 22, 2020 5:54 PM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Re: Letter on Potential Deposition Dates |

The 9th could potentially work.  What are your demands in terms of format and medium?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Thursday, October 22, 2020 5:14:42 PM
**To:** John Bridges
**Subject:** Letter on Potential Deposition Dates

You can read the letter attached and decide a date pending agreement on format and medium.

**John Bridges**

| | |
|---|---|
| **From:** | Daniel Gonzalez <dgonzie@gmail.com> |
| **Sent:** | Tuesday, October 27, 2020 2:27 PM |
| **To:** | John Bridges |
| **Subject:** | Re: Letter on Potential Deposition Dates |

Reply as to medium, I prefer a video setting without personal contact. As to format, this deposition involves just you and me. Anyone else is not necessary or conducive to accomplishing your personal reasoning to insist on this deposition. It is not necessary that any defendant appear as Judge Newman advised on February 13, 2020. I have the transcript of the hearing recording should that become an issue.

On a separate matter:
Are you willing to stipulate continuing all hearings dates so adequate time can pass for my full sight recovery and having the certified transcript in hand?

If not, please let me know today.

On Thu, Oct 22, 2020 at 5:54 PM John Bridges <John.Bridges@doj.ca.gov> wrote:
The 9th could potentially work. What are your demands in terms of format and medium?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Thursday, October 22, 2020 5:14:42 PM
**To:** John Bridges
**Subject:** Letter on Potential Deposition Dates

You can read the letter attached and decide a date pending agreement on format and medium.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Tuesday, October 27, 2020 2:44 PM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Re: Letter on Potential Deposition Dates |

How long will it take for your sight to fully recover?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Tuesday, October 27, 2020 2:27:26 PM
**To:** John Bridges
**Subject:** Re: Letter on Potential Deposition Dates

Reply as to medium, I prefer a video setting without personal contact. As to format, this deposition involves just you and me. Anyone else is not necessary or conducive to accomplishing your personal reasoning to insist on this deposition. It is not necessary that any defendant appear as Judge Newman advised on February 13, 2020. I have the transcript of the hearing recording should that become an issue.

On a separate matter:
Are you willing to stipulate continuing all hearings dates so adequate time can pass for my full sight recovery and having the certified transcript in hand?

If not, please let me know today.

On Thu, Oct 22, 2020 at 5:54 PM John Bridges <John.Bridges@doj.ca.gov> wrote:
The 9th could potentially work. What are your demands in terms of format and medium?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Thursday, October 22, 2020 5:14:42 PM
**To:** John Bridges
**Subject:** Letter on Potential Deposition Dates

You can read the letter attached and decide a date pending agreement on format and medium.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**John Bridges**

| | |
|---|---|
| **From:** | Daniel Gonzalez <dgonzie@gmail.com> |
| **Sent:** | Tuesday, October 27, 2020 3:41 PM |
| **To:** | John Bridges |
| **Subject:** | Re: Letter on Potential Deposition Dates |

The next operation currently set for December 10.  I prefer doing the deposition on Nov. 8 or Nov. 9 and then setting hearings sometime in late January 2021.

On Tue, Oct 27, 2020 at 2:44 PM John Bridges <John.Bridges@doj.ca.gov> wrote:
How long will it take for your sight to fully recover?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Tuesday, October 27, 2020 2:27:26 PM
**To:** John Bridges
**Subject:** Re: Letter on Potential Deposition Dates

Reply as to medium, I prefer a video setting without personal contact.  As to format, this deposition involves just you and me.  Anyone else is not necessary or conducive to accomplishing your personal reasoning to insist on this deposition.   It is not necessary that any defendant appear as Judge Newman advised on February 13, 2020.  I have the transcript of the hearing recording should that become an issue.

On a separate matter:
Are you willing to stipulate continuing all hearings dates so adequate time can pass for my full sight recovery and having the certified transcript in hand?

If not, please let me know today.

On Thu, Oct 22, 2020 at 5:54 PM John Bridges <John.Bridges@doj.ca.gov> wrote:
The 9th could potentially work.  What are your demands in terms of format and medium?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Thursday, October 22, 2020 5:14:42 PM

1

**To:** John Bridges
**Subject:** Letter on Potential Deposition Dates

# You can read the letter attached and decide a date pending agreement on format and medium.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Wednesday, October 28, 2020 8:14 AM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Re: Letter on Potential Deposition Dates |

I am ok with doing the deposition on 11/8, and doing it remotely. My clients are also willing to skip the deposition, so it will be you, me, and a court reporter. I will try to find a court reporter within 5 miles of Pleasanton who has video capabilities.

As for the hearing dates, I don't want to postpone the hearing date on my motion for terminating sanctions until the deposition takes place. If you don't show up or walk out like last time, I want to proceed with my motion. If you participate in good faith, I will likely take my motion of calendar altogether. What other hearings do you want to postpone?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Tuesday, October 27, 2020 3:40:38 PM
**To:** John Bridges
**Subject:** Re: Letter on Potential Deposition Dates

The next operation currently set for December 10. I prefer doing the deposition on Nov. 8 or Nov. 9 and then setting hearings sometime in late January 2021.

On Tue, Oct 27, 2020 at 2:44 PM John Bridges <John.Bridges@doj.ca.gov> wrote:
How long will it take for your sight to fully recover?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Tuesday, October 27, 2020 2:27:26 PM
**To:** John Bridges
**Subject:** Re: Letter on Potential Deposition Dates

Reply as to medium, I prefer a video setting without personal contact. As to format, this deposition involves just you and me. Anyone else is not necessary or conducive to accomplishing your personal reasoning to insist on this deposition. It is not necessary that any defendant appear as Judge Newman advised on February 13, 2020. I have the transcript of the hearing recording should that become an issue.

On a separate matter:

1

Are you willing to stipulate continuing all hearings dates so adequate time can pass for my full sight recovery and having the certified transcript in hand?

If not, please let me know today.

On Thu, Oct 22, 2020 at 5:54 PM John Bridges <John.Bridges@doj.ca.gov> wrote:
The 9th could potentially work.  What are your demands in terms of format and medium?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Thursday, October 22, 2020 5:14:42 PM
**To:** John Bridges
**Subject:** Letter on Potential Deposition Dates

You can read the letter attached and decide a date pending agreement on format and medium.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

2

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Thursday, October 29, 2020 12:24 PM |
| **To:** | 'Daniel Gonzalez' |
| **Subject:** | FW: Letter on Potential Deposition Dates |

I previously said I was ok with doing the deposition on 11/8, but I meant 11/9, which is a Monday.  I am finding a court reporter's office within 5 miles of your location, and I will appear remotely to reduce your exposure to other people.  You will be in a room with the court reporter and no one else.  My clients will not attend the deposition.  I will send the Notice of Deposition shortly via mail and email.

**From:** John Bridges
**Sent:** Wednesday, October 28, 2020 8:14 AM
**To:** Daniel Gonzalez <dgonzie@gmail.com>
**Subject:** Re: Letter on Potential Deposition Dates

I am ok with doing the deposition on 11/8, and doing it remotely.  My clients are also willing to skip the deposition, so it will be you, me, and a court reporter.  I will try to find a court reporter within 5 miles of Pleasanton who has video capabilities.

As for the hearing dates, I don't want to postpone the hearing date on my motion for terminating sanctions until the deposition takes place.  If you don't show up or walk out like last time, I want to proceed with my motion.  If you participate in good faith, I will likely take my motion of calendar altogether.  What other hearings do you want to postpone?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Tuesday, October 27, 2020 3:40:38 PM
**To:** John Bridges
**Subject:** Re: Letter on Potential Deposition Dates

The next operation currently set for December 10.  I prefer doing the deposition on Nov. 8 or Nov. 9 and then setting hearings sometime in late January 2021.

On Tue, Oct 27, 2020 at 2:44 PM John Bridges <John.Bridges@doj.ca.gov> wrote:

How long will it take for your sight to fully recover?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Tuesday, October 27, 2020 2:27:26 PM

1

**To:** John Bridges
**Subject:** Re: Letter on Potential Deposition Dates

Reply as to medium, I prefer a video setting without personal contact.  As to format, this deposition involves just you and me.  Anyone else is not necessary or conducive to accomplishing your personal reasoning to insist on this deposition.   It is not necessary that any defendant appear as Judge Newman advised on February 13, 2020.  I have the transcript of the hearing recording should that become an issue.

On a separate matter:
Are you willing to stipulate continuing all hearings dates so adequate time can pass for my full sight recovery and having the certified transcript in hand?

If not, please let me know today.

On Thu, Oct 22, 2020 at 5:54 PM John Bridges <John.Bridges@doj.ca.gov> wrote:

The 9th could potentially work.  What are your demands in terms of format and medium?

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Thursday, October 22, 2020 5:14:42 PM
**To:** John Bridges
**Subject:** Letter on Potential Deposition Dates

You can read the letter attached and decide a date pending agreement on format and medium.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**EXHIBIT B**

1   XAVIER BECERRA, State Bar No. 118517
    Attorney General of California
2   CATHERINE A. WOODBRIDGE, State Bar No. 186186
    Supervising Deputy Attorney General
3   JOHN C. BRIDGES, State Bar No. 248553
    Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-7529
6    Fax: (916) 322-8288
     E-mail: John.Bridges@doj.ca.gov
7   *Attorneys for Defendants Kyle Jones, Tricia*
    *Sommers, Truly Sughrue, Jeff Davi, Wayne Bell,*
8   *William Moran, and John Van Driel*

9

10              IN THE UNITED STATES DISTRICT COURT

11         IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

12                   SACRAMENTO DIVISION

13

| 14  **DANIEL E. GONZALEZ,** | Case No.: 2:15-cv-2448 GEB GGH PS |
|---|---|
| 15  Plaintiff, | **DEFENDANT'S FOURTH NOTICE OF DEPOSITION OF PLAINTIFF DANIEL** |
| 16  **v.** | **GONZALEZ** |
| 17  **DEPARTMENT (BUREAU) OF REAL ESTATE, et al.,** | Date:    November 9, 2020 |
| 18 | Time:    10:00 a.m. |
| | Location: Regus Business Center |
| 18  Defendants. | 4900 Hopyard Road, Suite 100 |
| 19 | Pleasanton, CA 94588 |

20

21        PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure Rules 30 and

22   34, counsel for Defendants will take the oral deposition of Plaintiff, DANIEL E. GONZALEZ, on

23   November 9, 2020, at 10:00 a.m. at Regus Business Center 4900 Hopyard Road, Suite 100,

24   Pleasanton, CA 9458, or as soon thereafter as it may be held by oral examination via

25   videoconference in accordance with Federal Rule of Civil Procedure 30, before a certified

26   shorthand reporter authorized to administer oaths who will record the deposition stenographically.

27   Plaintiff is hereby requested to appear in person at the above-stated location, and defense counsel

28   will appear via videoconference. The parties have hereby agreed that no other parties to the

                                                1

1    action will attend and/or appear for the deposition.

2         The deponent's failure to attend and cooperate in this deposition may result in court-

3    ordered sanctions which may include defense counsel's expenses and even dismissal of this

4    action.

5         If for any reason the taking of the deposition is not completed on that date, the taking of the

6    deposition will be continued, at the option of the noticing party, either from day to day, excluding

7    Saturdays, Sundays and holidays, or be continued until a date certain as determined by the

8    noticing party.

9    Dated:  October 29, 2020

                                          Respectfully submitted,

10

11                                        XAVIER BECERRA
                                          Attorney General of California
                                          CATHERINE A. WOODBRIDGE
12                                        Supervising Deputy Attorney General

13

14                                        John C. Bridges

15                                        JOHN C. BRIDGES
                                          Deputy Attorney General
16                                        Attorneys for Defendants
                                          Kyle Jones, Tricia Sommers, Truly
17                                        Sughrue, Jeff Davi, Wayne Bell, William
                                          Moran, and John Van Driel

18

19

20

21

22

23   SA2016301837
     34544797.doc
24

25

26

27

28

                                     2

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail

Case Name:   **Daniel Gonzalez v. Department (Bureau) of Real Estate, et al.**
No.:              **2:15-cv-2448 TLN KJN PS**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 29, 2020, I served the attached **DEFENDANT'S FOURTH NOTICE OF DEPOSITION OF PLAINTIFF DANIEL GONZALEZ** by transmitting a true copy via electronic mail.  In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Daniel Gonzalez
P.O. Box 847
4300 Black Avenue
Pleasanton, CA  94566
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 29, 2020, at Sacramento, California.

| T. Yeh | |
| --- | --- |
| Declarant | Signature |

SA2016301837
34545500.docx

# EXHIBIT C

1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  COUNTY OF ALAMEDA

3

4  DANIEL E. GONZALEZ,         )

5        Plaintiff,       )
                          )

6     vs.               )  CASE NO. 215-CV-2448-
                          )           TLN-KJN

7  Department (Bureau) of Real
  Estate,Jeff Davi, Wayne Bell, )

8  John Van Driel, Trudy Sughrue,)
  William Moran, Tricia Sommers,)

9  Kyle Jones, and Does 1-50.   )
                          )

10        Defendants.      )

11  _____ )

12

13

14               VIDEOTAPED DEPOSITION OF

15                DANIEL E. GONZALEZ

16                NOVEMBER 9, 2020

17              PLEASANTON, CALIFORNIA

18

19

20

21

22

23  REPORTED BY:

24  KATHRYN LLOYD, CSR NO. 5955

25  JOB NO. 10074304

Daniel E. Gonzalez

```
 1   And I want to make sure we get back to this.  Okay?

 2            I am coming back.

 3            I would like to know when you want to try and

 4   do it.

 5            My post-operative is going at least until the

 6   first week of December.

 7            I have got at least 30 days.

 8            MR. BRIDGES:  Are we off the record?

 9            VIDEOGRAPHER:  We are still on the record.

10            MR. BRIDGES:  We can go off.

11            VIDEOGRAPHER:  This concludes today's

12   deposition.

13            The time is 12:34 p.m. and we are off the

14   record.

15

16            (Deposition adjourned at 12:34 p.m.)

17

18                      --oOo--

19

20

21

22

23

24

25
```

# EXHIBIT D

Daniel Gonzalez
P.O. Box 847
Pleasanton CA 94566
916-247-6886

Via Fax/Email

December 28, 2020

Mr. John C. Bridges, DAG
Office of California Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550

Re: Deposition Completion
     Eastern District CA, No. 2:15-cv-02448; Gonzalez vs. BRE, Bell, Davi, et al

Mr. Bridges:

I should be capable of arranging completion of the deposition after recovery of basic reading capacity on or after January 12, 2020.  The November deposition draft requires hundreds of pages of documentary evidence.

The format and medium must be agreed to mutually.  I will require the location be within 5 miles of the Pleasanton area.

Daniel E. Gonzalez
DG:vgs

1

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Monday, December 28, 2020 11:35 AM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Re: Deposition Completion Letter |

Hello Mr. Gonzalez,

I hope you had a nice holiday weekend.  Thank you for your letter.  I intend to take next Monday's hearing off-calendar, and to withdraw my motion for terminating sanctions due to your willingness to complete your deposition.  I will send out a notice for a date in late January with the same protocols that we used last time (via Zoom, you will be in Pleasanton, etc.).

John

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Monday, December 28, 2020 11:15:43 AM
**To:** John Bridges
**Subject:** Deposition Completion Letter

1

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Tuesday, December 29, 2020 10:03 AM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Re: Deposition Completion Letter |

Mr. Gonzalez,

I had mis-calendared the hearing date for my motion for terminating sanctions, and mistakenly stated that it is scheduled for next Monday, January 4th.  In fact, it is scheduled for January 28th.  I would prefer to keep the motion on the court's calendar in the event that we do not complete your deposition as planned in mid- to late-January.  If you appear for the deposition, provide meaningful testimony, and if we complete the deposition as planned, I will take the motion off calendar.

John

---

**From:** John Bridges
**Sent:** Monday, December 28, 2020 11:35 AM
**To:** Daniel Gonzalez
**Subject:** Re: Deposition Completion Letter

Hello Mr. Gonzalez,

I hope you had a nice holiday weekend.  Thank you for your letter.  I intend to take next Monday's hearing off-calendar, and to withdraw my motion for terminating sanctions due to your willingness to complete your deposition.  I will send out a notice for a date in late January with the same protocols that we used last time (via Zoom, you will be in Pleasanton, etc.).

John

---

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Monday, December 28, 2020 11:15:43 AM

1

**To:** John Bridges
**Subject:** Deposition Completion Letter

# EXHIBIT E

1   XAVIER BECERRA, State Bar No. 118517
    Attorney General of California
2   CATHERINE A. WOODBRIDGE, State Bar No. 186186
    Supervising Deputy Attorney General
3   JOHN C. BRIDGES, State Bar No. 248553
    Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-7529
6    Fax: (916) 322-8288
     E-mail: John.Bridges@doj.ca.gov
7   *Attorneys for Defendants Kyle Jones, Tricia*
    *Sommers, Truly Sughrue, Jeff Davi, Wayne Bell,*
8   *William Moran, and John Van Driel*

9

10              IN THE UNITED STATES DISTRICT COURT

11          IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

12                      SACRAMENTO DIVISION

13

14   **DANIEL E. GONZALEZ,**                    Case No.: 2:15-cv-2448 GEB GGH PS

15                            Plaintiff,        **DEFENDANT'S FIFTH NOTICE OF**
                                                **DEPOSITION OF PLAINTIFF DANIEL**
16              **v.**                          **GONZALEZ**

17   **DEPARTMENT (BUREAU) OF REAL**            Date:     January 14, 2021
     **ESTATE, et al.,**                        Time:     10:00 a.m.
18                                              Location: Regus Business Center
                             Defendants.                  4900 Hopyard Road, Suite 100
19                                                        Pleasanton, CA 94588

20

21          PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure Rules 30 and

22   34, counsel for Defendants will take the oral deposition of Plaintiff, DANIEL E. GONZALEZ, on

23   January 14, 2021, at 10:00 a.m. at the Regus Business Center 4900 Hopyard Road, Suite 100,

24   Pleasanton, CA 9458, or as soon thereafter as it may be held by oral examination via

25   videoconference in accordance with Federal Rule of Civil Procedure 30, before a certified

26   shorthand reporter authorized to administer oaths who will record the deposition stenographically.

27   Plaintiff is hereby requested to appear in person at the above-stated location, and defense counsel

28   will appear via videoconference. The parties have hereby agreed that no other parties to the

                                        1

1    action will attend and/or appear for the deposition.

2        The deponent's failure to attend and cooperate in this deposition may result in court-

3    ordered sanctions which may include defense counsel's expenses and even dismissal of this

4    action.

5        If for any reason the taking of the deposition is not completed on that date, the taking of the

6    deposition will be continued, at the option of the noticing party, either from day to day, excluding

7    Saturdays, Sundays and holidays, or be continued until a date certain as determined by the

8    noticing party.

9    Dated: January 6, 2021                    Respectfully submitted,

10                                             XAVIER BECERRA
                                              Attorney General of California
11                                            CATHERINE A. WOODBRIDGE
                                              Supervising Deputy Attorney General
12

13                                            *John C. Bridges*

14                                            JOHN C. BRIDGES
                                              Deputy Attorney General
15                                            *Attorneys for Defendants*
                                              *Kyle Jones, Tricia Sommers, Truly*
16                                            *Sughrue, Jeff Davi, Wayne Bell, William*
                                              *Moran, and John Van Driel*
17

18

19

20

21

22

23   SA2016301837
     34752153.pdf
24

25

26

27

28

                                     2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Daniel Gonzalez v. Department (Bureau) of Real Estate, et al.**
No.: **2:15-cv-2448 TLN KJN PS**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On January 6, 2021, I served the attached **DEFENDANT'S FIFTH NOTICE OF DEPOSITION OF PLAINTIFF DANIEL GONZALEZ** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Daniel Gonzalez
4300 Black Avenue
Pleasanton, CA 94566
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 6, 2021, at Sacramento, California.

| T. Yeh | | |
| --- | --- | --- |
| Declarant | | Signature |

SA2016301837
34719348.docx

# EXHIBIT F

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Sunday, January 10, 2021 11:34 AM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Gonzalez v. Dept. of Real Estate |
| **Attachments:** | 5th deposition notice for Daniel Gonzalez.pdf |

Mr. Gonzalez,

I have attached a copy of your deposition notice.  It was served via US Mail several days ago, but I wanted to make sure that you received it.  Please confirm that you will attend.

Thank you,
John

**John Bridges**

| | |
|---|---|
| **From:** | Daniel Gonzalez <dgonzie@gmail.com> |
| **Sent:** | Wednesday, January 13, 2021 10:08 AM |
| **To:** | John Bridges |
| **Subject:** | Re: Gonzalez v. Dept. of Real Estate |

No notice by mail has been received to date.  This is objected to as violating federal rules and improper, among other reasons to put in the record.

On Sun, Jan 10, 2021 at 11:34 AM John Bridges <John.Bridges@doj.ca.gov> wrote:

Mr. Gonzalez,

I have attached a copy of your deposition notice.  It was served via US Mail several days ago, but I wanted to make sure that you received it.  Please confirm that you will attend.

Thank you,

John

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Wednesday, January 13, 2021 10:24 AM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Re: Gonzalez v. Dept. of Real Estate |

Mr. Gonzalez,

In your letter dated December 28, 2020, you indicated that you were available to complete your deposition on or after January 12, 2020. I mailed the notice of your deposition to 4300 Black Avenue in Pleasanton on January 6, 2021. I emailed a copy to you this past weekend in the event that you did not receive the mailed copy. This morning, 24 hours before your deposition is scheduled to begin, you email to say that you will not participate. This is unacceptable.

Please advise is you will appear tomorrow morning. If not, I will cancel the court reporter and proceed with my motion for terminating sanctions later this month.

John

---

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Wednesday, January 13, 2021 10:08 AM
**To:** John Bridges
**Subject:** Re: Gonzalez v. Dept. of Real Estate

No notice by mail has been received to date. This is objected to as violating federal rules and improper, among other reasons to put in the record.

On Sun, Jan 10, 2021 at 11:34 AM John Bridges <John.Bridges@doj.ca.gov> wrote:

Mr. Gonzalez,

I have attached a copy of your deposition notice.  It was served via US Mail several days ago, but I wanted to make sure that you received it.  Please confirm that you will attend.

Thank you,
John

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**John Bridges**

| | |
|---|---|
| **From:** | Daniel Gonzalez <dgonzie@gmail.com> |
| **Sent:** | Wednesday, January 13, 2021 11:14 AM |
| **To:** | John Bridges |
| **Subject:** | Re: Gonzalez v. Dept. of Real Estate |

Mr. Bridges,
I have not recovered from surgery yet and still lack the ability to read the small print.  I will appear to make a record of my objections.  You made no effort to discuss anything with me since the dictated letter from November.
(dictated)

On Wed, Jan 13, 2021 at 10:24 AM John Bridges <John.Bridges@doj.ca.gov> wrote:

Mr. Gonzalez,


In your letter dated December 28, 2020, you indicated that you were available to complete your deposition on or after January 12, 2020.  I mailed the notice of your deposition to 4300 Black Avenue in Pleasanton on January 6, 2021.  I emailed a copy to you this past weekend in the event that you did not receive the mailed copy.  This morning, 24 hours before your deposition is scheduled to begin, you email to say that you will not participate.  This is unacceptable.


Please advise is you will appear tomorrow morning.  If not, I will cancel the court reporter and proceed with my motion for terminating sanctions later this month.


John

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Wednesday, January 13, 2021 10:08 AM
**To:** John Bridges
**Subject:** Re: Gonzalez v. Dept. of Real Estate

No notice by mail has been received to date. This is objected to as violating federal rules and improper, among other reasons to put in the record.

On Sun, Jan 10, 2021 at 11:34 AM John Bridges <John.Bridges@doj.ca.gov> wrote:

Mr. Gonzalez,

I have attached a copy of your deposition notice. It was served via US Mail several days ago, but I wanted to make sure that you received it. Please confirm that you will attend.

Thank you,

John

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

2

**John Bridges**

| | |
|---|---|
| **From:** | John Bridges |
| **Sent:** | Wednesday, January 13, 2021 11:32 AM |
| **To:** | Daniel Gonzalez |
| **Subject:** | Re: Gonzalez v. Dept. of Real Estate |

Mr. Gonzalez,

I'm not trying to put you at a disadvantage, but you told me you would be sufficiently recovered on or after January 12. Any exhibits presented at the deposition will be on a computer screen with the ability to enlarge them. Do you intend to give testimony tomorrow, or just show up and state your objections on the record before leaving? If you only intend to object, I do not want to incur the expense of a court reporter and will cancel the deposition.

John

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Wednesday, January 13, 2021 11:13 AM
**To:** John Bridges
**Subject:** Re: Gonzalez v. Dept. of Real Estate

Mr. Bridges,
I have not recovered from surgery yet and still lack the ability to read the small print. I will appear to make a record of my objections. You made no effort to discuss anything with me since the dictated letter from November.
(dictated)

On Wed, Jan 13, 2021 at 10:24 AM John Bridges <John.Bridges@doj.ca.gov> wrote:

Mr. Gonzalez,

In your letter dated December 28, 2020, you indicated that you were available to complete your deposition on or after January 12, 2020. I mailed the notice of your deposition to 4300 Black Avenue in Pleasanton

1

on January 6, 2021.  I emailed a copy to you this past weekend in the event that you did not receive the mailed copy.  This morning, 24 hours before your deposition is scheduled to begin, you email to say that you will not participate.  This is unacceptable.

Please advise is you will appear tomorrow morning.  If not, I will cancel the court reporter and proceed with my motion for terminating sanctions later this month.

John

---

**From:** Daniel Gonzalez <dgonzie@gmail.com>
**Sent:** Wednesday, January 13, 2021 10:08 AM
**To:** John Bridges
**Subject:** Re: Gonzalez v. Dept. of Real Estate

No notice by mail has been received to date.  This is objected to as violating federal rules and improper, among other reasons to put in the record.

On Sun, Jan 10, 2021 at 11:34 AM John Bridges <John.Bridges@doj.ca.gov> wrote:

Mr. Gonzalez,

I have attached a copy of your deposition notice.  It was served via US Mail several days ago, but I wanted to make sure that you received it.  Please confirm that you will attend.

Thank you,
John

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications

Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

3

# CERTIFICATE OF SERVICE

Case Name:   **Daniel Gonzalez v.**                    No.   **2:15-cv-2448 TLN KJN PS**
             **Department (Bureau) of Real**
             **Estate, et al.**

I hereby certify that on <u>January 20, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANTS' REPLY TO PLAINTIFF'S PARTIAL OPPOSITION TO MOTION FOR TERMINATING SANCTIONS; DECLARATION OF JOHN BRIDGES IN SUPPORT OF MOTION

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>January 20, 2021</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Daniel Gonzalez
P.O. Box 847
4300 Black Avenue
Pleasanton, CA  94566
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 20, 2021</u>, at Sacramento, California.

<table>
<tr><td>T. Yeh</td><td>/s/ T. Yeh</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

SA2016301837
34752430.docx