UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | No. 2:15-cv-02448-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| DEPARTMET (BUREAU) OF REAL ESTATE, et al., | |
| Defendant. | |

On January 29, 2021, Magistrate Judge Kendall J. Newman filed Findings and Recommendations ("F & R") herein, which were served on the parties and contained notice that any objections to the F & R were to be filed within fourteen days. (ECF No. 216.) After two brief extensions of time, Plaintiff Daniel E. Gonzalez ("Plaintiff") filed Objections to the F & R (ECF No. 221), which were considered by this Court. Nevertheless, on March 18, 2021, this Court adopted the F & R and dismissed Plaintiff's action with prejudice. (ECF No. 223.) Accordingly, the case was closed.

However, on April 19, 2021, Plaintiff filed a notice of appeal. (ECF No. 225.) Additionally, Plaintiff, proceeding pro se, filed the instant Motion for Indicative Ruling on September 24, 2021. (ECF No. 228.) Defendants Kyle Jones, Tricia Sommers, Trudy Sughrue, Jeff Davi, William Moran, Wayne Bell, and John Van Driel (collectively, "Defendants")

1

submitted an opposition on October 14, 2021.  In his motion, Plaintiff requests relief pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 59, 60, and 62. The Court will address each Rule in turn.

### A. Rule 59

Considering there was no trial in the instant matter, Rule 59 provides in pertinent part, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Here, the Court filed its Order (ECF No. 223) on March 18, 2021.  Plaintiff filed the instant motion (ECF No. 228) on September 24, 2021, six months after the entry of judgment.  Therefore, Plaintiff's motion for reconsideration is untimely.  Moreover, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  The Court has carefully reviewed the entire file, including Plaintiff's request (ECF No. 228).  The Court still finds the F & R to be supported by the record and by proper analysis.  Simply put, Plaintiff's motion is untimely, and the Rule 59(e) standard is not met here.

### B. Rule 60

In relevant part, Rule 60 states as follows:

> (a) The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

        (4) the judgment is void;

        (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

        (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(a)–(b).

Here, Plaintiff has failed to point to any clerical mistake. (*See* ECF No. 228.) Further, Plaintiff's motion fails to allege any factual allegations that could support relief under Rule 60(b). (*See* ECF No. 228.) Therefore, Plaintiff has not met his burden and thus cannot be afforded relief.

    C. <u>Rule 62</u>

Rule 62 provides, in relevant part:

        If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

        (1) defer considering the motion;

        (2) deny the motion; or

        (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62(a).

Here, Plaintiff's motion, as previously discussed, is not timely. Accordingly, the Court will not consider the motion.

For the foregoing reasons, Plaintiff's motion (ECF No. 228) is hereby DENIED. This case is closed. Should Plaintiff continue to disagree with the Court's ruling, the appropriate course of action is to seek relief from the Ninth Circuit. Any future filings with this Court will be disregarded. No further orders will be issued in this closed case.

IT IS SO ORDERED.

DATED: March 9, 2022

                              Troy L. Nunley
                              United States District Judge